## Hall, Appellant, *v.* Simpson.

*Negligence—Mines and mining—Mine inspector—Mine foreman—Act of May* 15, 1893, *P. L.* 52.

In an action by a child against a mine owner to recover damages for the death of her father caused by an explosion in a mine, a nonsuit is properly entered where the evidence for the plaintiff establishes two things only, the mere fact of the accident, and that the ventilating fans were not run day and night, it appearing that, except in abandoned rooms where workmen were forbidden to go, gas was found in the mine at intervals only, that the failure to run the fans constantly was only one of a number of causes that might account for the presence of the gas in the mine at the time of the accident, that the constant running of them would not have been effective unless the course of the air currents within the mine had

been properly directed, and that this was a matter committed by the act of assembly to the mine inspector, over whom the employer had no control and for whose neglect he was not liable.

Argued May 13, 1902.    Appeal, No. 135, Jan. T., 1902, by plaintiff, from order of C. P. Fayette Co., March T., 1899, No. 38, refusing to take off nonsuit in case of Joseph Hall, Jr., Guardian of Eliza Ann Hall, a Minor Child of James Hall, Deceased, v. John D. Simpson, C. A. Van Horn, Daniel Livingston, William Livingston, and Elizabeth C. Hogg, trading as the Umpire Coal Company. Before McCOLLUM, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ.    Affirmed.

Trespass to recover damages for death of plaintiff's father. Before KENNEDY, P. J., specially presiding.

At the trial it appeared that on December 23, 1898, James Hall, plaintiff's father, was killed by an explosion in defendant's mine. The evidence showed that the ventilating fan in the mine was run from four o'clock in the morning until four o'clock in the afternoon. The miners went to work at seven o'clock in the morning. There was nothing in the testimony to show that the defendants had not provided proper ventilating machinery, and employed proper persons as mine inspector and mine foreman. The duties of mine foreman and mine inspector in relation to gas in mines are defined by the Act of May 15, 1893, P. L. 52, articles 5, 6, 7, 20, rules 6, 9, 10, 26.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*John Marron*, of *Marron & McGirr*, with him *Edward Campbell*, for appellant.

*Nathaniel Ewing*, with him *Lindsey & Johnson* and *William A. Hogg*, for appellee.

PER CURIAM, May 19, 1902:

The plaintiff's testimony established two things only: the mere fact of the accident, and that the ventilating fans were

not run day and night.   The first was not sufficient to warrant a recovery by an employee, and the second did not give rise to an inference of negligence on the part of the defendants which caused the accident.   Except in the abandoned rooms where the workmen were forbidden to go, gas was found in the mine at intervals only, when a fall occurred or a clay vein was struck.   The failure to run the fans constantly was only one of a number of causes that might account for the presence of gas in the mine on the morning of the accident, and the constant running of them would not have been effective unless the course of the air currents within the mine had been properly directed.   This was a matter committed by act of assembly to one over whom the defendants had no control, and for whose neglect they were not answerable.   In the absence of affirmative proof of negligence, the nonsuit was properly granted.

The judgment is affirmed.