# Dempsey, Appellant, *v.* Buck Run Coal Company.

*Mines and mining—Anthracite coal mine—Negligence—Master and servant—Explosion—Ventilation—Top headings—Mine foreman—Act of June 2, 1891, P. L. 176—Constitutional law.*

1. A mine owner who has placed a competent mine foreman in charge and control of the mine whose duties required him to perform the service and protect the workmen against insufficient or inadequate ventilation, has complied with the statutory injunction that he shall use precaution for the safety of the workmen, and is not responsible for injuries to a workman resulting from the neglect or failure of the mine foreman to properly conduct and circulate the air currents to and along the face of the working places throughout the mine.

2. In an action against a mine owner to recover damages for injuries sustained by an explosion of gas in an anthracite coal mine, charging negligence in not providing the necessary proper material for bratticing to conduct air currents and in not driving a top-heading, the absence of which interfered with the proper circulation of air in the place where the plaintiff was working, binding instructions for defendant are proper where it is conceded that the defendant had employed a competent mine foreman, who, at the time of the accident, was in full charge, and where there is no evidence that the owner had not maintained an adequate supply of pure air for the mine or had failed to furnish any material required by law contributing to the accident.

3. If to the owner's knowledge the mine foreman or any other employee of a mine is neglecting the performance of his duties or the mine is in a condition which endangers the health or safety of the workmen, it is the duty of the owner to act promptly and have the dangers to the safety of the men removed, but where the owner is not in default, he cannot be made liable for the neglect of duty imposed by the statute upon another person.

4. In so far as sec. 8, of the Act of June 2, 1891, P. L. 176, imposes liability on the mine owner for the failure of the mine foreman to comply with the provisions of the act which compels his employment and defines his duties, it is unconstitutional and void.

Argued Feb. 14, 1910. Appeal, No. 122, Jan. T., 1909, by

plaintiff, from judgment of C. P. Schuylkill Co., May T., 1906, No. 288, on verdict for Buck Run Coal Company by direction of the court in case of Edward Dempsey v. The Buck Run Coal Company, Patrick Devers et al. Before FELL, C. J., MESTRE- ZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BECHTEL, J.

The opinion of the Supreme Court states the facts.

At the trial the plaintiff presented the following points:

1. The law requiring the operator to drive headings no more than sixty feet from the face of each chamber or breast, and to provide and maintain a current of air along the face of all working places, and to provide all material for proper brat- tices, and to keep all parts of the mine safe for the protection of life, limb and health of the workman, and the testimony showing that there was no heading driven to the face of the breast for more than sixty feet and no air way open in breast No. 4, where this explosion occurred, for a distance of from 114 to 132 feet, and that no planks were furnished by the operator for brattices, known as tail brattices, to drive the air to said breast or skipping, the question of negligence on the part of the operator, as well as negligence of the mine boss, must be left to the jury. And if the jury believe the explosion was occasioned by reason of such neglect, the verdict must be for plaintiff against both defendants. *Answer:* In answer to this, we say to you that we have concluded to leave the ques- tion of the negligence of the defendant, Patrick Devers, under all the evidence in this case, to you, saying to you that if you find that the explosion which injured the plaintiff was the result of negligence on the part of defendant, solely and en- tirely, and that plaintiff did not contribute to same in any de- gree by contributory negligence, then your verdict should be for plaintiff. We do not say that the evidence in this case shows the state of facts claimed in this point or that it does not. We leave it to you to ascertain what it does establish. [1]

2. The official reports of the mine inspectors and the testi- mony showing this to be a gaseous mine; the question as to

whether the operator, as well as the boss or foreman, failed to comply with the law, or whether both or either were negligent, must be left to the jury. And if the jury believe the explosion was occasioned by reason of such neglect, the verdict must be for plaintiff against either or both defendants, as they may find. *Answer:* We refer you, for the answer to that, to what we have just read in connection with the answer to the first point, believing that that will sufficiently answer both of these points. [2]

3. That the question as to whether the localities or points at which all headings and proper air courses should have been provided were accessible at the time they should have been driven, either before or after the coal was drawn from breast No. 4, should be left to the jury. And if the jury believe the explosion was occasioned by reason of such neglect, the verdict must be for the plaintiff against both defendants. *Answer:* We affirm this point as to the defendant, P. H. Devers. You will bear in mind, as to the other defendant, we have directed you to find a verdict. [3]

Defendant presented this point:

2. That under all the evidence in the case the verdict of the jury must be in favor of the defendant, the Buck Run Coal Company. *Answer:* That point we affirm also. [8]

The court charged in part as follows:

We direct you to find a verdict in favor of the Buck Run Coal Company for the reason that the uncontradicted evidence shows that it employed a mine foreman in the person of Patrick Devers, who had a certificate as mine foreman for twenty-two years, under the Act of June 30, 1885, P. L. 205, art. 12, rule 1, which reads, "And the owner or operator or superintendent of a mine or colliery shall place the underground workings thereof and all that is related to the same under the charge and daily supervision of a competent person, who shall be called the mine foreman." [9]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3, 8, 9) above instructions, quoting them.

*Geo. F. Brumm* and *James B. Reilly,* for appellant.

*B. W. Cumming, Jr.,* and *John F. Whalen,* for appellee, cited: Golden v. Mt. Jessup Coal Co., 225 Pa. 164.

OPINION BY MR. JUSTICE MESTREZAT, March 28, 1910:

This is an action to recover damages for injuries sustained by an explosion of gas in an anthracite coal mine. The action was brought against the Buck Run Coal Company, Patrick Devers, its mine foreman, and certain other parties as to whom a nonsuit was entered. The court directed a verdict for the defendant company, and submitted the case as to Patrick Devers, the mine foreman, and the jury returned a verdict against him for $1,400. He took an appeal to the Superior Court, and the plaintiff has taken this appeal, alleging that the court erred in directing a verdict in favor of the defendant company, and in entering a nonsuit as to one of the other defendants.

In his statement, the plaintiff avers that he, "while working as such employee as a miner, was injured by an explosion of gas or black damp which had accumulated in said mine by reason of improper appliances and by failure of said defendants to place proper tail brattices to prevent gas from entering the place at which said Dempsey was working . . . . by reason of want of proper ventilation and failure to drive proper headings and air courses, an explosion occurred by which said Dempsey, plaintiff, was severely burned and injured as aforesaid, (and) that the said defendants undertook to keep the said breast, gangways and chutes clear of dangerous gases. Nevertheless the said defendant company . . . . carelessly and negligently and in violation of the act of assembly of Pennsylvania operated said mine."

It appears from the evidence that breast or chamber No. 4 in the defendant company's mine had been abandoned, and that at the time of the accident the partition pillars which separated it from breast No. 5 were being "skipped," or coal was being cut from them. While the plaintiff and another miner were thus engaged, there was an explosion of gas in breast No. 4 by which

they were severely injured. It is claimed that a fall of top-rock farther up in the breast had forced down a pocket of gas allowed to accumulate by reason of there being no top-heading or air course above the place in which the plaintiff was working, and the gas coming in contact with the flame from plaintiff's open lamp resulted in an explosion. It is contended that the absence of this top-heading prevented air from circulating in that part of the mine, and resulted in an accumulation of gas which exploded and caused the plaintiff's injuries. The plaintiff claims that the failure to drive this heading was negligence which is imputable to the defendant company. It is also claimed by the plaintiff that the defendant company neglected to provide the necessary proper material for bratticing and emergency supplies for the "medical room." These are the acts of negligence on which the plaintiff relies to recover against the defendant company.

If the defendant company failed or omitted to perform any duty enjoined upon it resulting in injury to the plaintiff, it is liable for the damages he has sustained. Before he can recover, however, it is incumbent upon him to show such failure or omission of duty on the part of the defendant. If his injuries are attributable to the negligence of another party, no responsibility rests upon the defendant company.

Recognizing the danger to the health and lives of persons employed in coal mines, the legislature of this state has attempted by statute to protect such persons by regulating and controlling the operations of the mine. With this purpose in view, laws have been enacted providing for the health and safety of those who are engaged in operating both the anthracite and bituminous coal mines of the state. The duties and responsibilities, not only of the owner, operator and superintendent, but also of the workmen who are engaged in the mine are defined and regulated by the several statutes on the subject. A violation of any statutory duty imposes liability on the offender for the resulting consequences.

In the case in hand, the plaintiff contends that he was injured by the failure to properly ventilate the mine, or rather that part of it, in which he was engaged at the time of the acci-

dent. We fail, however, to see, admitting his contention to be correct, that the evidence discloses any neglect of a statutory or other duty on the part of the defendant company which resulted in his injuries. The Act of June 2, 1891, P. L. 176, 3 Purd. (13th ed.) 2546, and its supplements provide a complete system of ventilation applicable to all anthracite coal mines in the state. Section 1 of art. 10 requires the operator or superintendent to provide and maintain a constant and adequate supply of pure air for the mine. Other sections of the article provide specifically how the mine shall be ventilated, the manner of permanently closing the crosscuts between the main inlet and outlet of the air passages, and the distance from the face of the breast within which headings shall be driven. It is contended by the plaintiff that a compliance with these sections of the statute was a personal, absolute duty imposed upon the defendant company, and for a neglect of such duty the defendant is responsible. It is further maintained by the plaintiff that rule 1 of art. 12 of this act, requiring the owner, operator or superintendent to use every precaution to insure the safety of the workmen in all cases, imposes an absolute duty upon him to see that the sections of the act above referred to are complied with. We have held that in so far as sec. 8 of the act of June 2, 1891, imposes liability on the mine owner for the failure of the mine foreman to comply with the provisions of the act which compels his employment and defines his duties, it is unconstitutional and void: Durkin v. Kingston Coal Co., 171 Pa. 193.

Rule 1 of art. 12 of the act of 1891, provides: "The owner, operator or superintendent of a mine or colliery shall use every precaution to insure the safety of the workmen in all cases, whether provided for in this act or not, and he shall place the underground workings thereof, and all that is related to the same, under the charge and daily supervision of a competent person who shall be called 'mine foreman.'" Rule 3 provides: "The mine foreman shall have charge of all matters pertaining to ventilation, and the speed of the ventilators shall be particularly under his charge and direction; and any superintendent who shall cause the mine foreman to disregard the pro-

visions of this act shall be amenable in the same manner as the mine foreman." Section 6 of art. 8 provides that no mine shall be operated for a longer period than thirty days without the supervision of a mine foreman.

It is conceded that the defendant company had employed a competent certified mine foreman, Patrick Devers, and that, at the time of the accident, he was in charge of the underground workings of the mine. There is no evidence in the case that the owner or operator had not provided and maintained an adequate supply of pure air for the mine. Nor does the evidence disclose that the owner, the defendant company, had in any manner failed to perform duties in operating the mine imposed on it by the statute, unless the company should have driven the top-heading in order to permit the air currents to circulate in the breast above the place where the plaintiff was injured. The learned court below was correct in holding that there was no evidence of the failure of the defendant to furnish any material required by law which contributed to the accident. Nor did the testimony show that defendant Neal was responsible for any defective ventilation system.

As will be observed, the statute requires the owner to place the underground workings of the mine and all that is related to the same in the charge and daily supervision of a mine foreman. It also especially commits to the foreman's charge all matters pertaining to the ventilation of the mine, and prohibits the superintendent from interfering with him in the performance of his duties. In other words, by command of the statute, the interior of the mine is taken out of the possession and control of the owner and placed in charge of a certified foreman, with whom the owner's superintendent is forbidden to interfere, and who has power to compel compliance with his directions so far as they relate to the safety of the employees engaged in the mine. We are, therefore, of opinion that, as ventilating the defendant's mine was under the control and subject to the direction of the mine foreman, it was his duty to drive such headings as were necessary to ventilate the mine. He is, by statute, expressly given "charge of all matters pertaining to ventilation" of the mine, and it logically

follows that it was his, and not the owner's, duty to determine the necessity for another heading in the breast and to drive the heading if good ventilation of that part of the mine required it. Having placed a competent mine foreman in charge and control of the mine whose duties required him to perform the service and protect the workmen against insufficient or inadequate ventilation, we think the owner has complied with the statutory injunction that he shall use precaution for the safety of the workmen, and is not responsible for the plaintiff's injuries if they resulted from the neglect or failure of the foreman to properly conduct and circulate the air currents to and along the face of the working places throughout the mine. As said in Waddell v. Simoson, 112 Pa. 567: "The owner and operator of the mine having complied strictly with the act of assembly in providing a practical and skillful inside overseer, or mine foreman, and thereby fulfilled the duty imposed upon him by law, it is not for this or any other court to charge them with an additional obligation."

The owner or operator having obeyed the command of the statute by providing a constant and adequate supply of pure air for the mine, it was the duty of the mine foreman to see that it was properly circulated through the mine. Anything and everything that affects the health and safety of the workmen while engaged at their work is in the keeping and charge of the mine foreman. He is especially charged with ventilating the mine, and whatever is necessary to be done to accomplish the purpose is a statutory duty imposed upon him. Having an adequate supply of air at his command, it was the duty of the mine foreman to direct the manner in which it should be conducted to the places at which the plaintiff and the other men were at work. Whether the air current should have been conducted to breast No. 4 by means of brattices, and whether a top-heading should have been driven to breast No. 5, and a heading at any other location in the mine should have been driven for the purpose of ventilating breast No. 4, were questions to be determined by the mine foreman. The act requires him to be a competent person, and presumably he is more competent to determine the necessity for, and the proper manner

of, introducing air into the different localities in the mine than the owner himself. It is upon this theory and for this reason that the statute gives him charge of the ventilation of the mine with authority to compel obedience to his orders, and prohibits the superintendent from interfering with him in the discharge of his duties. The owner would subject himself to liability for injuries resulting to an employee if he directed the manner of circulating the air currents through the mine against the judgment of the mine foreman. The statute relieves him of responsibility in consideration that he places a competent person in charge of the mine.

While the owner is not responsible for the neglect of the duties imposed by statute upon the mine foreman, the former must nevertheless "use every precaution to insure the safety of the workmen." If any matter injuriously affecting the health or safety of the men is brought to his attention it is his duty to take the proper steps to correct it. If to the owner's knowledge the mine foreman or any other employee is neglecting the performance of his duties or the mine is in a condition which endangers the health or safety of the workmen, it is the duty of the owner to act promptly and have the dangers to the safety of the men removed; but where the owner is not in default, he cannot be made liable for the neglect of duty imposed by the statute upon another person. He necessarily must operate his mine largely through others, and when he complies with the provisions of the statute enacted to protect his workmen, by employing competent assistants, he has done all that is required of him and ought not to be subjected to liabilities for which he is not responsible.

We find no reversible error in this record and, therefore, the judgment is affirmed.