# D'Jorko, Appellant, *v.* Berwind-White Coal Mining Company.

*Negligence—Mines and mining—Safety lamps—Bore holes—Act of May 15, 1893, P. L. 52, 61—Mine foreman—Fellow servant—Act of June 10, 1907, P. L. 523.*

1. The provision of the Act of May 15, 1893, P. L. 52, relating to the use of safety lamps in bituminous coal mines applies only to mines where inflammable gases are found or a sudden inflow of gas is likely to be encountered, and the requirement in the act as to bore holes applies only when the place is being driven towards, or in dangerous proximity to, an abandoned mine or a part of a mine "suspected to contain inflammable gases, or which may be inundated with water."

2. In an action to recover damages for the death of a miner killed by an explosion, alleged to have been caused by failure to require the use of safety lamps and to drive bore holes, the plaintiff is not entitled to recover, if there is no proof that the mine is gaseous, and no sufficient proof as to the necessity for driving bore holes.

3. The owner of a bituminous coal mine who has appointed a mine foreman as provided by the Act of May 15, 1893, P. L. 52, 61, is not responsible for the consequences of an explosion in his mine resulting from the negligence of such mine foreman.

4. The employers' liability Act of June 10, 1907, P. L. 523, does not apply to a mine foreman appointed under the Act of May 15, 1893, P. L. 52. If it did apply to such a foreman, the act would be unconstitutional.

Argued Oct. 6, 1910. Appeal No. 197, Oct. T., 1910, by plaintiff, from judgment of C. P. Jefferson Co., April Term, 1910, No. 132, on verdict for defendant in case of

Veronica D'Jorko v. Berwind-White Coal Mining Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before REED, P. J.

The court charged as follows:
[If it were permissible under the law which in my judgment controls the disposition of this case to submit it to you for determination upon the evidence I would feel constrained to say that there is very little, if any, evidence of negligence on the part of either the mine foreman or on the part of the fire boss to sustain a verdict against either, much less to sustain a verdict against the defendant company.] [1]

[The plaintiff alleges two grounds of negligence upon which a right of recovery is based: First, the failure to provide safety lamps for use in the mines; and, Second, the failure to drive bore holes for the ascertainment of inflammable gases, etc. There has been no testimony offered to support the first ground of complaint, and the evidence to show that there was a necessity for driving bore holes is of a very doubtful, circumstantial character. It is so meager that the case is brought dangerously near the realm of conjecture on that question; and the law forbids the submission of a case where the evidence leaves the alleged negligence so doubtful that the jury has to guess at it in reaching a verdict.] [2]

But if I could see my way to submit the case to you upon the evidence, I am confronted with an act of assembly, passed May 15, 1893, which places the underground workings of mines like the one in question in the charge and supervision of a mine foreman. [The conduct and operation of the interior of the mine, so far as the same relates to the safety of the employees, is taken out of the possession and control of the owner, and placed in charge of a certified foreman, with whom the owner or his superintendent may not interfere.] [4]

[Counsel for the plaintiff have made special reference to sec. 1 of art. V of this act, which forbids the accumulation of explosive gas to exist in the worked-out or abandoned parts of a mine when it is practicable to remove it; and to sec. 3 of the same article, which provides for the driving of bore holes when mining is being carried on in dangerous proximity to an abandoned mine or part of a mine suspected of containing inflammable gases. And the failure to drive these bore holes is the negligence charged against the defendant. The latter part of sec. 3 provides, however, that the work of driving bore holes is to be done under the immediate instruction of the mine foreman;] [5] and sec. 1, of art. XX, provides that the mine foreman shall attend personally to his duties in the mine, and carry out all the instructions set forth in said act of assembly. In other words, the necessity for driving bore holes and the driving of such holes belong to the interior workings of the mine, and as such are committed to the charge and supervision of the mine foreman. He is not only liable in damages to anyone injured by his neglect or refusal to perform the duties imposed upon him by the statute, but he is also criminally liable for neglect or refusal to perform all the duties required to be performed by him.

[It has been repeatedly decided by our appellate courts that under this statute the mine owner is not responsible or liable for the negligence or neglect of duty of the mine foreman. As late as March 28th of this year the Supreme Court, in an opinion delivered by Mr. Justice MESTREZAT in the case of Dempsey v. Buck Run Coal Company, 227 Pa. 571, held that where the plaintiff alleged that he was injured by an explosion of gas which had accumulated in the mine by reason of improper appliances and by failure of the defendant to place proper tail battices to prevent gas entering the place in which he was working, etc., there could be no recovery against the company or owner of the mine: and this for the reason that the statute referred to took from the owner the interior workings of

the mine, and placed the same in charge of a certified foreman.] [6]

[I am unable to distinguish the case on trial from the case referred to. And, following this latest utterance of the Supreme Court on the matters here involved, I must assume the responsibility of deciding as a matter of law that there can be no recovery by the plaintiff against the defendant under the facts in this case.] [7]

[Reference has been made to what is known as the employers' liability act, passed in 1907; but in my opinion has no application to the facts here, and does not change the law as heretofore declared as applicable in the circumstances of this case.] [8] [If it did, I would have to hold that it was unconstitutional and void so far as this case is concerned, in that the legislature may not take the control and management of one's business out of his hands and place it in charge of another and prohibit him from in any way interfering with the control and management of the person in whose charge it has been placed, and at the same time make him answerable in damages for that person's negligence or mismanagement of the same.] [11]

[For the reasons stated, the defendant's point asking for binding instructions in its favor, is affirmed, and a verdict is directed accordingly.] [12]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–12) portions of charge.

*W. M. Gillespie*, with him *W. B. Adams*, for appellant.— The defendant was bound by the regulations of the statute to see that the exposed position was protected before its machinery was set in motion and its servants subjected to danger: Ross v. Walker, 139 Pa. 42; Staebler v. Warren-Ehret Co., 223 Pa. 129; Ricks v. Flynn, 196 Pa. 263; Gilbert v. Tanning Co., 221 Pa. 176.

If the owner himself or his superintendent performs the duties of the mine foreman, the owner is responsible because the superintendent is not a creature of statute,

but an appointee of the owner: Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; Ricks v. Flynn, 196 Pa. 263; Gilbert v. Tanning Co., 221 Pa. 176; Lillie v. Amer. Car & Foundry Co., 209 Pa. 161; Foster v. Steel Co., 216 Pa. 279.

A master is bound to furnish a reasonably safe place for his servants, and to know that appliances once safe may become unsafe: Schall v. Cole, 107 Pa. 1; Baker v. R. R. Co., 95 Pa. 211; Patterson v. Pittsburg R. R. Co., 76 Pa. 389; Wagner v. Chemical Co., 147 Pa. 475; Trainor v. Phila. & Reading R. R. Co., 137 Pa. 148; Ross v. Walker, 139 Pa. 42; to the same effect is Iron Shipbuilding Works v. Nuttall, 119 Pa. 149; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Woodward v. Shumpp, 120 Pa. 458; Groves v. McNeil, 226 Pa. 345.

*Cadmus Z. Gordon,* for appellee.—The negligence, if any, was that of the mine foreman: Dempsey v. Buck Run Coal Co., 227 Pa. 571.

The defendant company is not liable to the plaintiff, under the law, for injuries sustained by reason of the negligence of the mine foreman or fire boss: Durkin v. Coal Co., 171 Pa. 193; Hall v. Simpson, 203 Pa. 146; Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Dempsey v. Buck Run Coal Co., 227 Pa. 571.

OPINION BY MR. JUSTICE FELL, April 10, 1911:

The plaintiff's husband was killed by an explosion in the defendant's mine where he was employed in operating a pneumatic coal cutter. The negligence alleged was in the failure to require the crew working at the place of the accident to use safety lamps and in not driving bore holes as required by the Act of May 15, 1893, P. L. 52. The provision of the act, relating to the use of safety lamps, applies only to mines where inflammable gases are found or a sudden inflow of gas is likely to be encountered and the requirement as to bore holes, only when the place is being driven towards or in dangerous proximity

to an abandoned mine or a part of a mine "suspected to contain inflammable gases or which may be inundated with water."

There was no proof that the mine was gaseous and no necessity for the use of safety lamps was shown. The testimony as to the necessity for driving bore holes was too meager and uncertain to sustain a finding for the plaintiff on that ground. It appeared from the testimony of the plaintiff's witnesses, that they had worked in the mine for a number of years with open lights and that they had experienced no trouble from gas, and knew of none and that the escape of gas from an unused part of the mine to the place where the accident happened was merely a probability under certain conditions that were not shown to exist. But, even if the alleged negligence in failing to drive bore holes had been established, the negligence would have been that of the mine foreman, for which, as the learned trial judge correctly held, the mine owner would not be responsible.

The Act of May 15, 1893, P. L. 52, 61, takes the management of mining operations in bituminous coal mines out of the control of the owner and places it in the charge and control of a certified mine foreman, with whom the owner or his superintendent may not interfere. The employment of a mine foreman is made compulsory and his control of the underground workings of the mine is as full and absolute as that given to the foreman in anthracite mines by the Act of June 2, 1891, P. L. 176, and nothing is left to the judgment and control of the owner. In Durkin v. Kingston Coal Co., 171 Pa. 193, it was held in regard to the latter act, that a person injured by reason of the negligence of the mine foreman had no right of action against the owner of the mine for the reason that the state made the mine foreman its representative and vested in him the determination of all questions relating to the security of miners with power to compel compliance with his directions. This decision has since been approved and followed in a number of cases, among which are

Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Dempsey v. Buck Run Coal Co., 227 Pa. 571, which arose under the act of 1891, and Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204, where the act of 1893 was considered. The underlying principle in these decisions is that an employer cannot be held responsible for the negligence of a person over whom he has no control and to whom, in all matters of judgment and direction in the management of his property, he is subordinated.

The employers' liability act of June 10, 1907, P. L. 523, does not effect a change in the law as before announced. If the words "foreman or any other person in charge or control of the works" for whose negligence the employer is made liable and who in any action for death or injury is made the agent of the employer, apply to a representative of the state, certified by it to be competent, employed by its direction and placed in charge of the works, to carry out its instructions, the act would be unconstitutional. In view of the decisions upon the subject before the passage of the act, it should be assumed that it was not the legislative intent to include a class for whose negligence this court had held an employer cannot be made liable. The act should therefore be so construed as to limit its application to persons over whom an employer has control and who in fact represent him. This is as far as legislation can go.

The judgment is affirmed.