# Cossette, Appellant, *v.* Paulton Coal Mining Company.

*Negligence—Master and servant — Mines and mining — Bituminous Coal Mine Act of June 9, 1911, P. L. 756—Construction of passageway—Mine foreman—Negligence of mine foreman—Constructive notice of defect—Contributory negligence—Nonsuit.*

1. The rule that under the general provision of the mining acts placing the workings under the mine foreman's charge and supervision, and under certain special provisions thereof, the foreman is responsible for all work in the course of the construction of passageways, expressed with reference to prior statutes, is applicable to the Act of June 11, 1911, P. L. 756.

2. In an action against a mining company to recover for injuries sustained by an employee in consequence of the fall upon him of slate from the roof of a newly constructed passageway, a compulsory nonsuit was properly entered where it appeared that the passageway was being constructed under the supervision of the mine foremen; that his attention was called to the dangerous condition of the roof, but that it was not remedied; that no signal was placed to warn employees of the danger; that the foreman

told plaintiff and other workmen that they could use the passageway, and that the next day, while plaintiff was using it, a portion of the roof fell, causing the injuries complained of.

3. In such case had the new entry been completed a sufficient period of time before the accident to fix the defendant with constructive notice of the defect therein, or had the latter received express notice of its faulty condition, or had the way existed for such a length of time as to become part of the established plant, or had it been in use as a regular, completed passage, the defendant might have been held liable.

4. It seems plaintiff was not guilty of contributory negligence under the facts of this case.

Argued Sept. 27, 1917. Appeal, No. 153, Oct. T., 1917, by plaintiff, from final order of C. P. Armstrong Co., Sept. T., 1915, No. 99, refusing to take off nonsuit, in case of Joe Cossette v. Paulton Coal Mining Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KING, P. J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was in refusing to take off the nonsuit.

*H. Fred Mercer,* with him *C. E. Harrington* and *Walter L. Dipple,* for appellant.—The mine superintendent was derelict in the performance of the duties imposed upon him in consequence of which the plaintiff was injured, and the defendant was, therefore, liable: McCollom v. Penna. Coal Co., 250 Pa. 27; Watson v. Monongahela R. C. C. & C. Co., 247 Pa. 469; Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; Cohn v. May, 210 Pa. 615.

To provide a proper passageway in a bituminous coal mine for the use of employees in going to and from work is a nondelegable duty imposed upon the mine owner: Simmons v. Lehigh Valley Coal Co., 240 Pa. 354.

The mine owner failed to warn the employee of the danger of the new travelingway: Mish v. Lehigh Valley Coal Co., 67 Pa. Superior Ct. 27.

*H. A. Heilman,* with him *F. C. Jones,* for appellee.— The injuries sustained by plaintiff resulted from the negligence of the mine foreman, for which the defendant is not liable: Durkin v. Kingston Coal Co., 171 Pa. 193; Hall v. Simpson, 203 Pa. 146; Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Dempsey v. Buck Run Coal Co., 227 Pa. 571.

OPINION BY MR. JUSTICE MOSCHZISKER, January 7, 1918:

On December 7, 1914, the plaintiff, Joe Cossette, an employee of defendant company, was severely injured in the latter's coal mine; he sued in trespass, alleging negligence; the court below entered a nonsuit, which it subsequently refused to remove; hence this appeal.

The case is so well disposed of in the following excerpts from the opinion of the learned court below that we need add but little thereto: "A cross entry to connect the main haulage way with a face entry . . . . . was in process of completion at about this time [the date of the accident] . . .; from both ends it had been driven and constructed by miners, who as they advanced approached each other; and so the work continued until in the afternoon of December 6, 1914, when they met and knocked or cut through a small hole . . . . . from two feet to three feet in size . . . . . The plaintiff had not been engaged in working in the new entry, but was mining coal in another part of the mine. On the morning of the day of the injury he went to his work at 6:30 o'clock, and completed his day's work about 11 o'clock a. m., when, in company with his fellow employee, Ameliori Buffa, he started to go out of the mine. In going out they proceeded by way of this new entry, Buffa being in the lead, and having passed through the aforesaid opening or hole,

cut through the preceding day, the plaintiff, when about eight or ten feet beyond it, was caught by a fall of slate and rock from the roof and severely injured. The evidence on the part of plaintiff showed that the defendant company, at the time of the accident and prior thereto, had in its employ a certified mine foreman (Curt Snare), a superintendent (a Mr. Lace), and about 75 to 80 miners or employees. It further appears that the mine foreman, under whose supervision this new connecting entry was being constructed and driven, was at the point where the aforesaid hole was cut through, just immediately or soon thereafter, and that his attention was called, by.....one of the miners engaged in driving said entry, to the bad condition of the roof at or near said hole.....He said: 'All right, I will fix it up later.' In this condition it remained that day and the next morning. When plaintiff and other employees came to go to work, they were told, by the foreman, of the cut-through, and that 'they could use that way in going in and out or back and forward, if they wished,' instead of the old way, as it would be nearer. The plaintiff, however, in going into the mine that morning, used the old way, and [later in the day] for the first time attempted to go out by using the new entry [when he was hurt].....Does the plaintiff's evidence show negligence of the defendant company causing the injury complained of? If so, we were in error in directing a nonsuit. The evidence shows that the company employed both a superintendent and a certified mine foreman; that the entry wherein the injury occurred was in process of construction, but as yet not completed; that a hole had been cut through, through which men could crawl, on the afternoon of December 6th [at about 3 o'clock], and that the accident occurred about half past 11 o'clock a. m. the next day. The mine foreman, who under the Act of 1911, P. L. 756, 762, is given full charge of the inside workings and of the men working therein, knew of this cut through and the defective condition of the roof thereat; yet, notwithstanding,

he posted no danger signals and did nothing to guard and protect employees against or from the danger existing there, but permitted the employees—even suggested to plaintiff and others—that they might pass through by that way. There is an entire absence of evidence that the superintendent or owner of the mine had any knowledge or notice of the cut-through in the said entry or of the defective condition of the roof near thereto, or of the failure of the mine foreman to safeguard it; as this condition had only existed for about 20 hours, and a night having intervened before the accident happened, we cannot hold that constructive notice was brought home to the company, and the evidence would not warrant such a finding by a jury. Neither in our opinion was there sufficient evidence to submit to the jury to warrant a finding that the mine foreman was acting in a dual capacity. There is no evidence whatsoever that the defendant company had any knowledge of his [alleged] inefficiency or neglect of duties, nor is there any evidence to indicate that he did not have full and complete, exclusive control, charge and supervision of the underground or inside workings of the mine and the men or employees therein working . . . . . The accident was due solely to the negligence of the mine foreman, and for his negligence, under the circumstances, the defendant company was not answerable . . . . . The motion to take off the compulsory nonsuit is refused."

We have read all the printed testimony, and find the foregoing summary substantially correct. The statement of claim alleges that defendant "delegated the immediate supervision of said mine to a superintendent"; but, as already indicated, plaintiff contended at trial that this official was frequently absent and, as a matter of fact, the mine foreman really acted in the dual capacity of foreman and superintendent. We agree with the court below, however, that the evidence relied upon to sustain this contention is entirely too vague, indefinite and inconclusive to justify a jury in so finding.

One other point calls for attention: The "old way," which, up to the time of the accident, was regularly used by plaintiff and other employees of defendant's mine, had been flooded by water for a year or more; but, while this state of affairs might have put the mine employees to a considerable inconvenience, it did not render the way impassable or imminently dangerous. Plaintiff contends that "defendant was bound to take notice of the dangerous condition of its mine, and to know that its mine foreman was violating the statute, and had not provided its employees with a reasonably safe traveling way to and from work"; but to this it may well be answered that defendant was constructing the new passageway when the accident happened. In other words, defendant was then apparently engaged in an effort to relieve the condition in question; which, considering the fact that the old passage was not in any sense imminently dangerous, did not require the company to close down its mine pending the completion of the new way. Under such conditions, it would not be contributory negligence for plaintiff to use the new, instead of the old way (Reeder v. Lehigh Valley Coal Co., 231 Pa. 563, 571-2); but the nonsuit at bar was not entered on the ground of contributory negligence. The trial judge declined to submit the case to the jury because he believed there was a lack of negligence on the part of defendant company, since, under the evidence, the negligence, if any, was clearly and solely that of the mine foreman, for which, under the law as it stood at the time of plaintiff's injury, his employer was not liable.

Of course, had the new entry been fully completed a sufficient period of time before the accident to fix the defendant with constructive notice of the defect therein, or had defendant received express notice of its faulty condition, or, again, had the way existed for such a length of time as to become part of the established plant, or, further, had it been in use as a regular, completed passage, then a different case would

be presented, and defendant might be held liable; but all the evidence shows the place where plaintiff met with his injury was an entry still in course of construction, and, as recently ruled by this court, in Watson v. Monongahela River Coal & Coke Co., 247 Pa. 469, 474, "Under the general provision placing the workings under the mine foreman's charge and supervision, and under certain special provisions to be found in the [Mining] Acts, he [the foreman] is responsible for all work in course of the construction of passageways." This was said with reference to prior statutes, but it is applicable with like force to the Act of June 9, 1911, P. L. 756.

Here, as properly ruled by the learned court below, the negligence, if any, was purely that of the mine foreman, for which the defendant is not liable (Durkin v. Kingston Coal Co., 171 Pa. 193, 203; Hall v. Simpson, 203 Pa. 146, 148; Golden v. Mt. Jessup Coal Co., 225 Pa. 164, 166-7; Dempsey v. Buck Run Coal Co., 227 Pa. 571, 578, 579; Reeder v. Lehigh Valley Co., supra, pp. 575-6; D'Jorko v. Berwind-White Co., 231 Pa. 164, 169-70). The situation of this injured appellant commands our sympathy, but the law must be administered as established; and, thereunder, we cannot hold the action complained of to be error.

The judgment is affirmed.