# Golden, Appellant, *v.* Mt. Jessup Coal Company, Limited.

*Negligence—Mines and mining—Mine foreman—Act of June 2, 1891, P. L. 176.*

1. Inasmuch as the Act of June 2, 1891, P. L. 176, requires the employment by the operator of mines of a certified foreman, and invests such foreman with the power to compel compliance with his directions so far as they relate to the safety of the employees in the mine, an employer cannot be held liable for the mistakes or incompetency of the state's representative.

2. If a mine owner has provided a safe place in which his employees may work, but such place is made unsafe by the negligent act of the mine foreman, he is not liable in damages for personal injuries sustained by one of his employees while working in such unsafe place.

3. Where a mine foreman has negligently placed a prop so close to a mine track as not to allow a sufficient clearance for cars ordinarily employed, the owner is not liable to a workman for injuries caused by coming in contact with the prop; and this is the case although the car,

safe for ordinary use, may have swayed somewhat and contributed to the accident.

Argued Feb. 24, 1909. Appeal, No. 18, Jan. T., 1909, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1907, No. 1,134, for defendant non obstante veredicto in case of Joseph Golden, minor child of Margaret Golden, by his mother and next friend, Margaret Golden, v. Mt. Jessup Coal Company, Limited. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EDWARDS, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $7,500. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*John P. Kelly,* with him *James J. O'Malley,* for appellant, cited: Ross v. Walker, 139 Pa. 42; Smith v. Coal & Iron Co., 186 Pa. 28; Gulla v. Coal Co., 28 Pa. Superior Ct. 11; Vanesse v. Coal Co., 159 Pa. 403.

*Albert L. Watson,* with him *W. W. Watson* and *W. S. Diehl,* for appellee, cited: Durkin v. Kingston Coal Co., 171 Pa. 193; Lehigh Valley Coal Company v. Jones, 86 Pa. 432; Delaware & Hudson Canal Co. v. Carroll, 89 Pa. 374; Waddell et al. v. Simoson, 112 Pa. 567.

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

This case differs from Durkin v. Kingston Coal Company, 171 Pa. 193, in minor and immaterial circumstances only. The controlling feature in the case is that the plaintiff's injury resulted from the car on which he was riding, while engaged in work, coming in contact with a prop which had been erected to support the roof of the mine. This prop had been put in place some two or three weeks before the accident by a mine

foreman who was duly certified as such under the law. The evidence shows that the body of the cars ordinarily used extended beyond the track at either side some twelve or fourteen inches, while the distance of the prop from the nearest rail was at most not more than eighteen inches. This evidence might well warrant the inference of negligence in maintaining the prop where it allowed a clearance of no more than three or four inches. Here we have the proximate cause of the accident; but where did the responsibility rest? The accident occurred before the passage of the employers' liability Act of June 10, 1907, P. L. 523. In Durkin v. Coal Company, 171 Pa. 193, a case which has never been questioned, but has repeatedly been recognized as sound in principle, it was held that, inasmuch as by the Act of June 2, 1891, P. L. 176, the state requires the employment by the operator of mines of a certified foreman, and invests such foreman with the power to compel compliance with his directions so far as they relate to the safety of the employees in the mine, an employer cannot be held liable for the mistakes or incompetency of the state's representative. And further it is there held, following the doctrine of the earlier cases, notably Waddell v. Simoson, 112 Pa. 567, that a mine foreman is a fellow servant with the other mine employees of the same master, engaged in a common business, and that the employer is not liable for injuries caused by the negligence of the foreman. These principles apply here. There was evidence in the case that the car on which plaintiff was riding was an old car, and swayed somewhat from side to side, and it is argued that but for this circumstance the accident would not have happened. But it nowhere appears that the car was defective in any of its parts, that it was any different from those generally employed or that it was in any way unfit or insecure for the ordinary use to which it was put. However the fact that it swayed may have contributed to the accident, it was not the proximate cause; that is to be found in the placing of the prop so close to the track as not to allow sufficient clearance for cars ordinarily employed. A common-law duty rests upon the employer to provide a safe place for his employees in which to work; but if he has provided a safe

place which has been made unsafe by the act of the mine foreman whose authority may not be questioned, and whose direction must be complied with under penalty, he has met the full measure of his duty, and he is not to be charged with civil responsibility for a condition which he did not bring about, and which he could not control.

The case called for judgment non obstante, and the judgment is affirmed.