# Amiano, Appellant, *v.* Jones & Laughlin Steel Company.

*Negligence—Master and servant—Order to do particular work—Vice principal—"Boss."*

1. In an action by a workman against his employer to recover damages for personal injuries received while cleaning a drill press where the negligence charged, namely, failure to properly guard belting, shafting, set screws and other machinery as required by the act of 1905 is conceded, or at least, under the facts, a question for the jury, the plaintiff is not required to prove that he was employed by a vice principal or that he was assigned to clean the drill press by a vice principal and it is sufficient for him to show that he was regularly employed to do work in and about the mill and that he was engaged at work assigned to him by a person in authority over him, not necessarily a vice principal, at the time he sustained the injuries about which complaint is made.

*Negligence—Master and servant—Breach of statutory duty—Assumption of risk.*

2. In an action by a workman against his employer to recover damages for personal injuries, where the negligence charged is failure to perform a statutory duty, questions relating to assumption of risk do not arise.

Argued Oct. 12, 1911. Appeal, No. 211, Oct. T., 1911, by plaintiff, from judgment of C. P. Beaver Co., June T., 1909, No. 333, on verdict for defendant in case of Tony Amiano v. Jones & Laughlin Steel Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

Tony Amiano, the plaintiff, was employed by the defendant company at its works in Pittsburg. He was employed as a laborer and to do odd jobs about the mill. In the afternoon of December 12, 1907, he was engaged in cleaning a drill press with waste and oil. The drill press was one of a series or row of presses, immediately behind

which ran a line of shafting. While engaged in cleaning the press the plaintiff had his trousers caught by the shafting, he himself receiving the injuries on which the suit was based.

The court directed a verdict for the defendant and judgment was entered thereon.

*Error assigned* was in directing a verdict for the defendant.

*George C. Bradshaw*, with him *John A. Elliott*, for appellant.—The Act of May 2, 1905, P. L. 352, has been construed by the Supreme Court of this state to mean that, if the act is disobeyed by the person responsible for the operation of the shop in which the machinery is situated, that person will be liable for any injury the proximate cause of which is the failure to guard said machinery: Jones v. American Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514.

The question of plaintiff's contributory negligence was for the jury: Jones v. Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514; Solt v. Radiator Co., 231 Pa. 585.

*J. F. Reed*, for appellee, cited: Sturtz v. R. R. Co., 225 Pa. 249; Vant v. Roelofs, 217 Pa. 535; Jones v. American Caramel Co., 225 Pa. 644.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

At the trial the learned court below gave binding instructions for the defendant upon the ground that there was no evidence to show that the person who directed the plaintiff to clean the drill press had the authority to assign that duty to him. In other words, that the burden was upon the plaintiff to establish by the preponderance of the evidence that the foreman, or boss, or other person who directed him to clean the machine at the time of the accident, was a vice principal. This is clearly an erro-

neous view of the situation. No question relating to the duties or authority of a vice principal was involved in this case. The evidence is ample to show that appellant was employed as a laborer in and around the mill and was engaged in the performance of duties assigned to him when the injuries were sustained. The testimony also shows that a foreman, called by appellant "the boss," directed him to clean the drill press. It is also in evidence that he had been employed as a common laborer in and around the mill for several months prior to the time of the accident. Under the facts thus established there can be no question as to the existence of the relation of employer and employee. In order to entitle appellant to recover under the facts of the present case, it is not necessary to show that he was employed by a vice principal, or that he was assigned to clean the drill press by a vice principal. It is sufficient to show that he was regularly employed to do work in and about the mill and that he was engaged at work assigned to him by a person in authority over him, not necessarily a vice principal, at the time he sustained the injuries about which complaint is made.

The negligence charged was failure to properly guard the belting, shafting, set screws, and other machinery as required by the act of 1905. That the appellee company had failed in the performance of this statutory duty seems to be conceded, at least the question of negligence was for the jury.

In the opinion overruling the motion for a new trial the learned court below puts the case upon another ground by holding the appellant to have been guilty of contributory negligence as a matter of law. This question was not raised at the trial by either party and was only adverted to in the opinion overruling the motion for a new trial. We do not agree that as shown by the facts appellant was so clearly guilty of contributory negligence as to warrant the court in so declaring as a matter of law. It was for the jury to say, taking into consideration all the facts and cir-

cumstances, whether appellant had exercised due care. The negligence charged being failure to perform a statutory duty, questions relating to assumption of risk do not arise: Jones v. American Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514.

Having concluded that a new trial should be granted in this case we deem it unnecessary to elaborate the discussion of the points involved in this controversy. What we do decide is that so far as disclosed by the present record the negligence of the appellee company and the contributory negligence of appellant, were questions for the jury.

Judgment reversed and a venire facias de novo awarded.