# Rafferty, Appellant, *v.* National Mining Company.

*Negligence—Mines and mining—Master and servant—Mine foreman —Act of June 10, 1907, P. L. 523.*

1. The employers' liability Act of June 10, 1907, P. L. 523, does not effect any change in the law as it stood before the passage of the act with respect to liability for injuries received by employees in coal mines where the mines are out of the control of the owners and in charge of a certified mine foreman.

2. For any failure of a mine foreman to discharge the duties imposed by the mining Act of May 15, 1893, P. L. 52, the mine owner cannot be held liable, inasmuch as the state makes the mine foreman its representative and vests in him the determination of all questions relating to the security of the mines with power to compel compliance with his directions.

3. If a mine foreman negligently fails to make a proper clearance between the railroad tracks in a coal mine and the wall of the mine, and a workman in the mine is injured or killed thereby, the owner of the mine is not liable in damages for the injuries sustained.

Argued Oct. 18, 1911. Appeal, No. 85, Oct. T., 1911, by plaintiff, from order of C. P. No. 4, Allegheny Co., Second Term, 1908, No. 946, refusing to take off nonsuit in case of Mary Rafferty v. National Mining Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before COHEN, J.

At the trial it appeared that the deceased was engaged as a mule driver in the defendant's mine. While no person saw the accident the evidence indicated that the deceased was caught in a space between the tracks and the mine wall at a point where no sufficient clearance had been made as provided by the act of May 15, 1893. Other facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Frank Ewing,* with him *George M. Harton,* for appellant.—The company is liable even though there was negligence under the bituminous mining law: Burns v. Vesta Coal Co., 223 Pa. 473.

It is not necessary in the case of circumstantial evidence that all other theories must have been excluded in arriving at a conclusion as to the facts. In other words, it is not necessary to exclude all other possible manners in which the deceased could have been killed other than by being crushed between the rib of the heading and the car. It is sufficient if the circumstances pointed to this being the probable manner of his death: Penna. Co. v. Watson, 81* Pa. 293; Henderson v. R. R. Co., 144 Pa. 461; Bigley v. Williams, 80 Pa. 107.

*George E. Shaw,* of *Reed. Smith, Shaw & Beal,* for appellee.—The courts of Pennsylvania have repeatedly held that for any failure to discharge the duties imposed by this act upon the mine foreman, the owner is not liable; that the mine foreman is not a vice principal but is a fellow servant of the workman: Durkin v. Kingston Coal Co., 171 Pa. 193; Lineoski v. Susquehanna Coal Co., 157 Pa. 153; Waddell v. Simoson, 112 Pa. 567; Hall v. Simpson, 203 Pa. 146; Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Dempsey v. Buck Run Coal Co., 227 Pa. 571.

Counsel for appellant further contend that the mining act of 1893 is not applicable to cases of this nature since the passage of the employers' liability act of June 10, 1907. In this they are mistaken: D'Jorko v. Berwind-White Coal Mining Co., 231 Pa. 164.

OPINION BY MR. JUSTICE STEWART, January 2, 1912:

We need not here repeat what was said in the recent case of D'Jorko v. Berwind-White Coal Mining Co., 231 Pa. 164. It is enough to say that it was there distinctly held that the employers' liability Act of June 10, 1907, P. L. 523, does not effect any change in the law as it stood before the passage of the act with respect to liability for

injuries received by employees in coal mines, where the mines are out of the control of the owners and in charge of a certified mine foreman. There can be no question as to what that law was and is. It was announced in Durkin v. Kingston Coal Co., 171 Pa. 193, and has been repeated in a number of cases since, the most recent being D'Jorko v. Berwind-White Coal Mining Co., *supra*. These cases alike hold that for any failure of the mine foreman to discharge the duties imposed by the mining Act of May 15, 1893, P. L. 52, the mine owner cannot be held liable, inasmuch as the state makes the mine foreman its representative, and vests in him the determination of all questions relating to the security of the mines, with power to compel compliance with his directions. While no one saw the immediate happening of the occurrence which is made the basis of this action, and different explanations of the occurrence have been attempted, we think the testimony warrants but one conclusion with respect to this feature of the case. That the unfortunate man met his death by being crushed between the car he was driving and the wall of the mine, is, we think, the only reasonable explanation. That the accident occurred in the immediate locality where he was found, is too clear for dispute. This point was 100 feet beyond the place called the "parting" where he had been signaled to apply sprags or brakes to his car. He was there seen to alight from his car, on the right hand side, where the clearance between the tracks and the wall of the mine met legal requirements as to width. He was not seen thereafter until found lying upon the track and injured, 100 feet beyond the place he alighted. Between these two points the required clearance on the right hand side continued; so there is no difficulty in seeing how he reached the point where he was injured. But at that point the clearance on the right hand side terminated, and from there on the space between the tracks and the mine wall is but a few inches. There can be but one conclusion,—in pursuing his way in an unlighted mine along this clearance he went too far and was caught in the narrowing

space. Would it have been a proper and reasonable precaution against accidents such as this to have prolonged the clearance to a point beyond? If so, the failure to do this was negligence. But whose? Rule 3 in art. XX, of the act of May 15, 1893, provides that the mine foreman shall see that the entrance at such places where road grades necessitate sprags or brakes to be applied or removed, shall have a clear level width of not less than two and one-half feet between the side of the car and the rib, to allow the driver to pass his trip safely and keep clear of the cars there. Clearly under this provision, the duty was upon the mine foreman to see that the clearance at the "parting," as it is called, was adequate and not only in the width prescribed, but in its length as well, to allow the driver to pass his trip safely; and if there was failure in this regard, the responsibility must rest wholly upon the foreman. We are not to be understood as conceding that the clearance here was not adequate for the purposes intended; we are simply assuming so much for purposes of illustration. The case on its facts approaches so closely to Golden v. Mt. Jessup Coal Co., 225 Pa. 164, where the law was considered and applied, that further discussion of this feature of the case is unnecessary.

Again, negligence chargeable to defendant is asserted in the conduct of the assistant foreman who it is alleged ordered the trapper, that is, the boy whose duty it was to signal when the sprags were to be applied, to assist him in pushing cars at the "parting." It is said that the trapper was so employed when the car driven by the man who was injured approached; and that the giving of the signal was in consequence delayed, with the result that insufficient time was allowed the latter to set the sprags before the narrow space was reached. With respect to this it is only necessary to say that a careful examination of the testimony shows that it is entirely without support. The nonsuit entered was a proper disposition of the case.

The assignments of error are overruled and the judgment is affirmed.