# Smith *v.* Stoner, Appellant.

*Negligence—Mines and mining—Master and servant—Driver—Assumption of risk—Contributory negligence—Act of May 15, 1893, Article XX, Section 1, Rule 3; Article XXII, Section 1, P. L. 52—Case for jury.*

1. Where the failure of a mine operator to comply with the Act of May 15, 1893, Article XX, Section 1, P. L. 52, Rule 3, which provides that all entries at "such places where road grades necessitate sprags or brakes to be applied or removed shall have a clear level width of two and one-half feet between the side of

car and the rib, to allow the driver to pass his trip safely and to keep clear of the cars," results in injuries to an employee, such operator is guilty of actionable negligence, and the doctrine of assumption of risk is not applicable.

2. A mine is not excepted from the provision of such act by Article XXII, Section 1 thereof, providing "provisions of this act shall not apply to any mine employing less than ten persons in any one period of twenty-four hours," where it appears from the evidence that when the entry was constructed twelve or thirteen men in each twenty-four hours were working in the mine, although there was no evidence as to how many men were employed when the accident occurred. After a mine has once been brought within the act, it is presumed to remain there until something appears to the contrary.

3. In an action to recover damages for the death of plaintiff's husband, a driver in a coal mine operated by defendant without a certified mine foreman, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appears that the plaintiff at the time of the accident was working in an entry which had been cut under the personal supervision of the defendant; that the track had been laid therein by defendant's servants, and that no room was provided on the right hand side of the track going out, and only a space of about three feet on the left hand side, which narrowed to six or eight inches between the cars and the wall of the entry; that at such a narrow part a post protruded from the wall near the point where it was necessary to sprag the wheels on one side of a loaded car in taking out a trip, the spragging being done on the left hand side; that such entry was dark, the only light furnished being that from the miner's lamps; that while spragging seven moving cars plaintiff's husband was caught between the wall and the cars, sustaining injuries resulting in his death; and that deceased declared to persons who found him lying on the ground, in intense pain, that while running alongside of his trip he had stumbled and had caught hold of the post in an effort to save himself, but that the trip carried him through and that he was caught between the rib and the cars.

*Evidence—Declarations—Res gestæ.*

4. Evidence of the declarations of an employee killed in a mine accident, describing the manner in which the accident occurred, are admissible as part of the res gestæ where such declarations were made within half an hour after the accident and to the first persons who appeared upon the scene, while the declarant, who had been suffering intense pain from the time he was injured, was lying upon the spot where he was hurt.

*Appeals—Review of conflicting testimony—Verdict for plaintiff.*

.5. Where a verdict has been rendered. in favor of a plaintiff the evidence on appeal must be looked upon in the light most favorable to the plaintiff, and wherever there is a conflict in the testimony the point involved must be determined in his favor.

Argued Oct. 11, 1913. Appeal, No. 125, Oct. T., 1913, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1910, No. 218, on verdict for plaintiff in case of Evelyn Smith v. H. K. Stoner, trading and doing business as The Stoner Coal Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before REED, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,635, and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury, various rulings of the trial judge, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Charles F. Uhl, Jr.,* with him *Charles H. Ealy,* for appellant.

*Norman T. Boose,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1914: .

On March 21, 1910, Howard C. Smith was severely injured while engaged as a driver in a coal mine operated by the defendant, and died the following day; his widow brought an action in trespass alleging that her husband's injuries and death were due to the negligence of his employer in not providing a reasonably safe place for him to work, as required by the common law and the

Act of 1893, infra. The verdict was for the plaintiff
and the defendant has appealed from the judgment en-
tered thereon.

In view of the verdict, the evidence must be looked
upon in the light most favorable to the plaintiff, and
wherever there is a conflict in the testimony the point
involved must be determined in her favor; from the
proofs thus considered the following facts appear: the
entry in which the accident occurred was cut under the
personal supervision of the defendant in the spring of
1909, and at that time a track was laid therein by
Howard C. Smith and other workmen in the defendant's
service; there was no room provided on the right hand
side of this track going out, but there was a space of
about three feet on the left hand side which gradually
narrowed to six or eight inches between the cars and the
wall of the entry; at the beginning of this narrow part
there was a post set in and slightly protruding from the
wall; at a point designated as the "knuckle," it was
necessary, owing to the grade, to sprag the wheels on one
side of the loaded cars in taking out a trip, and even
when this was done, the cars would descend at a rapid
pace,—some witnesses stating, as fast as a man could
walk, and others saying, as quickly as an ordinary man
would run; this spragging was done on the left hand
side going out, and if everything went well there was
sufficient distance and space for the purpose; the entry
was dark, except for the light shed by the miners' lamps,
and after the wheels were spragged the drivers were in
the habit of riding on the front of the trip in order to
shed light for the mules; while spragging seven moving
cars, and before he could take his place on the front of
the trip, the plaintiff's husband was caught and dragged
in between the wall and the cars, and thus sustained his
injuries; he was discovered lying on the track some
little distance beyond the narrow place in the entry, and
the trip was standing fifty or sixty feet beyond; when
found, he had a leg broken, was otherwise injured, and

was suffering great pain.  The defendant operated the mine in question without the assistance of a certified foreman.  The defense was assumption of risk and contributory negligence, and the defendant contends that both of these points should have been ruled in his favor as matters of law; on the other hand, the plaintiff contends that these issues were for the jury and were properly submitted.

It is true that the injured man was thoroughly familiar with the condition of the place in which he was working, but the trial judge took the view that the evidence justified a finding that prior to the accident complaint had been made by Smith to the defendant concerning the entry and the latter had given a promise to remedy its condition, which his employee relied upon to his injury.  We are of opinion, however, that the proofs are not sufficient to sustain such a finding.  While there is ample evidence that after the accident the defendant admitted he had recognized the undesirable condition of the entry and had intended to remedy it before anything happened but "neglected" to do so, and his own testimony shows that he subsequently widened the passage, yet, when looked at as a whole, the testimony depended upon for the purpose would neither justify nor sustain a finding that a promise of the character alleged had been made to or relied upon by the plaintiff's husband.  But the trial judge took the further view that the injuries complained of did not come from a risk ordinarily incidental to the employment in which Smith was engaged, and that the peculiar possibilities of danger existing at the place where he worked were not so obvious and imminent that it should be ruled as a matter of law that a reasonably careful man was bound to anticipate a happening such as occurred and leave the defendant's service or incur the risk.  It is not clear that the court below was wrong as to this, particularly when we consider that the defendant himself in answer to the question, "Did it look dangerous to you at that point (the

place of the accident)?" replied, "Not especially," and
subsequently reiterated that in his opinion it was "not
dangerous there." But, be that as it may, for another
reason, the defendant is not in a position to insist that
his workmen assumed this risk. The Act of May 15,
1893, P. L. 52, in section 1, of article XX, provides, in
effect, that all entries "at such places where road grades
necessitate sprags or brakes to be applied or removed
shall have a clear level width of not less than two and
one-half feet between the side of the car and the rib to
allow the driver to pass his trip safely and to keep clear
of the cars," and the defendant failed to comply with
this requirement. The court below did not consider this
aspect of the case as controlling, since the statute in
question provides in section 1 of article XXII: "The
provisions of this act shall not apply to any mine em-
ploying less than ten persons in any one period of
twenty-four hours," and the plaintiff failed to prove that
ten men were employed at the time of the accident. The
only evidence introduced upon the subject, however,
shows that when the entry was driven and the condi-
tions created which led to the accident, twelve to thir-
teen men in each twenty-four hours were working in the
mine; and although something may have been said by
counsel at the trial to mislead the court on this point,
yet, a careful reading of the testimony discloses no proof
that the situation was in anywise changed up to the time
of the accident. After a mine is once brought within
the act it is presumed to remain there until something
affirmatively appears to the contrary; hence, on the
record as presented in this case, since the defendant
employed no mine foreman (Rafferty v. National Min-
ing Co., 234 Pa. 66, 69) and was himself fully cognizant
of the breach of the statute presented by the condition
of the entry in his mine, in law, he and not his workmen
must be held to have assumed the risk therefrom (Demp-
sey v. Buck Run Coal Co., 227 Pa. 571, 579; Walcutt v.
Erie Coal & Coke Co., 226 Pa. 204, 211; Bollinger v.

Crystal Sand Co., 232 Pa. 636, 638; Amiano v. Jones & Laughlin Steel Co., 233 Pa. 523, 526).

The trial court could not have held as a matter of law that the injured man was guilty of contributory negligence. No one witnessed the accident, and the plaintiff was entitled to the presumption that her husband exercised ordinary care under the circumstances. It is quite possible that while intent upon the work of spragging the cars, in the dark of the entry, he stumbled and was caught and dragged into the narrow space without any carelessness on his part; however this may be, the case was not so clear that the issue could be taken from the jury (Cramer v. Aluminum Co., 239 Pa. 120, 125, 126).

The jurors in finding their verdict had to depend upon the circumstances surrounding the accident and certain statements made by the injured man. The defendant contends that such of these statements as were put in evidence by the plaintiff should have been refused. The witnesses to Smith's declarations were the first persons who spoke to him after the accident, and when they reached his side he told them what had happened. One of them stated that the injured man said he was "running along side of his trip" and "tripped and caught hold of the post and tried to save himself but the trip carried him on through" and he was "caught between the rib and the cars" and "twisted down through there," and the other witness gave testimony to the same effect. These statements were admissible under our cases, since there was no marked break in the continuity of events to turn them into a mere narrative of the past. Here the declarations were made to the first persons who appeared upon the scene, and within a half an hour after the accident, while Smith, who had been suffering intense pain from the time he was injured, was lying upon the spot where he was hurt; so it was but reasonable to conclude that he had no opportunity to deliberate and design,—that is, none such as to take from his utterances

the impress of spontaneity (Elkins v. McKean, 79 Pa. 493, 495, 501; Penna. R. R. Co. v. Lyons, 129 Pa. 113, 121; Com. v. Werntz, 161 Pa. 591, 593, 596; Coll v. Easton Transit Co., 180 Pa. 618, 626). Moreover, both sides put the declarations in evidence, and the testimony of at least one witness produced by the defendant could be viewed as consistent with the plaintiff's proofs as to what her husband had said concerning the cause of his injuries. While this witness afterwards attempted to explain away his testimony, yet, he plainly stated that Smith said, "He got caught between the cars and the rib;" and as this covered the material point in the evidence complained of, assuming but not deciding that this evidence was irrelevant, the testimony given by the witness in question brings the case at bar within Van Eman v. Fidelity & Casualty Co., 201 Pa. 537, which ruled that, where declarations are improperly admitted in the plaintiff's case the defendant is not in a position to complain if he subsequently prove substantially the same matter. Hence, regarding the matter in hand, under no view can it be held that reversible error was committed.

There was evidence sufficient to justify a finding that the condition of the entry was the proximate cause of the injury (Webster v. Monongahela Consol. Coal & Coke Co., 201 Pa. 278, 284), and the issue as to contributory negligence was for the jury. On the whole, we find no reversible error upon the record; the assignments are all overruled and the judgment is affirmed.