# Watson *v.* Monongahela River Consolidated Coal & Coke Co., Appellant.

*Negligence—Mines and mining—Bituminous coal mines—Passageways—Track and equipment—Mine foreman—Notice to superintendent—Duty of owner—Act of May 15, 1893, P. L. 52.*

1. In bituminous coal mines the common law obligation is upon the owner to have a proper width in all established passageways according to the necessities of each particular place and this obligation exists to the same extent as though it had been expressed in the Act of May 15, 1893, P. L. 52.

2. Where either the Bituminous Act of May 15, 1893, P. L. 52, or the Anthracite Act of June 2, 1891, P. L. 176, places an obligation upon the mine foreman to see to or do a particular thing, the execution of which involves the exercise of judgment or discretion, his negligence in such regard cannot be imputed to the mine owner; but the provisions of the acts which make the foreman responsible for all constructive work on passageways and for their future proper support, and for the effect of all temporary daily operations therein, and for the proper maintenance of appliances used in such operations, do not have the effect of relieving the owner of responsibility for the defective condition of an entry which has actually been constructed and track laid for such a considerable length of time that the passageway with its equipment has become part of the regular established plant of the mine and such defective condition is known to the owner.

3. Where in such case the owner of a bituminous coal mine, through his superintendent, has knowledge of the established conditions, when these conditions are more hazardous than the surroundings require, even though they do not present an immediate danger, if it reasonably can be foreseen that in the operation of the mine they are such as may well result in injuries to men working thereabout, then it is the duty of the owner to have them changed and made more safe, and a failure to do so is negligence which will give rise to a liability on his part.

4. In an action against a bituminous coal mining company for

personal injuries sustained by a driver employed by the defendant company, while working in one of the passageways of its mine, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that the mine was in charge of a certified foreman; that at the point where the accident happened the entry was so narrow that on the side on which the plaintiff was standing there was but eight inches between his cars and the breast of coal, and on the other side there were only eighteen inches; that this narrow entry had been constructed by the defendant company, under the supervision of its mine foreman, at least ten months before the accident and the track and switch had been installed for about eight months prior to that time; that the switch was an appliance known as a "kick switch" and this type was not in ordinary and general use in the district; that the tracks at the location of the switch were in such bad repair that at times the rails broke away from the ties; that the mine foreman and defendant's superintendent had knowledge of this condition from personal observation at least two weeks before the accident; and that the plaintiff was injured in a collision caused by the failure of a switch to operate, or the defective condition of the track, which danger he was unable to avoid because of the narrowness of the passageway.

Argued Oct. 22, 1914. Appeal, No. 130, Oct. T., 1914, by The Monongahela River Consolidated Coal & Coke Co., a corporation, from judgment of C. P. Allegheny Co., Dec. T., 1910, No. 747, on verdict for plaintiff in case of John J. Watson v. The Monongahela River Consolidated Coal & Coke Company, a corporation. Before FELL, C. J., BROWN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FRAZER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500, and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, answers to points, and the refusal of the court to direct a verdict for defendant and to enter judgment for the defendant non obstante veredicto.

*Don Rose,* of *Johnston & Rose,* for appellant.—The negligence, if any there was, was that of the certified mine foreman, for which the defendant was not responsible: Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; Hood v. Connell Anthracite Mining Co., 231 Pa. 647; Rafferty v. National Mining Co., 234 Pa. 66; Reeder v. Lehigh Valley Coal Co., 231 Pa. 563.

*A. L. Large,* of *C. & A. L. Large,* for appellee.—The owner or operator of a coal mine has certain duties that cannot be delegated to a mine foreman, among which is the proper construction of haulage ways or tunnels and their proper equipment for transportation of materials: Hood v. Connell Anthracite Mining Co., 231 Pa. 647; Simmons v. Lehigh Valley Coal Co., 240 Pa. 354; Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

On October 27, 1909, John J. Watson, a driver in the employ of the defendant company, while working in one of the passageways of its mine, met with an injury which resulted in the loss of his left leg. In the proper and usual execution of his work, the plaintiff had located two empty cars, hauled by a mule, at a point about twenty feet beyond a switch which was used to divert cars from the track in the passageway in question to another track that diverged therefrom into an adjoining entry. When the plaintiff's cars had cleared the switch, he kicked it, so as to turn away others that might come along the track, and thus prevent the possibility of a collision; he then walked to the rear of his trip, and almost immediately noticed another one, consisting of four loaded cars drawn by a mule, approaching him. The other driver likewise kicked the switch in the right direction to divert his cars; they jumped it, however, and proceeded straight toward the plaintiff's trip, dragging the hauling mule at their side. When Watson saw that a collision

was imminent, he first attempted to stand upright between his empty cars and the pillar of coal at the side of the entry, but seeing that there was not sufficient space for him to remain in safety, he at once endeavored to cross to the opposite side, in what appeared to be the only way possible, by stepping upon the bumper of the first approaching car, and in so doing his left leg was caught and crushed between the two trips.

In view of the verdict, the evidence must be looked at in the light most favorable to the plaintiff; and wherever there is a conflict in the testimony the point involved must be determined in his favor [Smith v. Stoner, 243 Pa. 57, 60]; from the proofs thus considered, the following facts appear: the mine was in charge of a certified foreman; at the point where the accident happened, the entry was so narrow that on the side where the plaintiff was standing there were but eight inches between his cars and the breast of coal, and on the other side there were only eighteen inches; this narrow entry had been constructed by the defendant company, under the supervision of its mine foreman, at least ten months before the accident, and the track and switch had been installed for about eight months prior to that time; the switch was an appliance known as a "kick switch," and this type was not in ordinary and general use in the district; the tracks at the location of the switch were in such bad repair that at times the rails broke away from the ties; the mine foreman and the defendant's superintendent both had knowledge of these conditions from personal observation at least two weeks before the accident.

Under the averments in the plaintiff's statement of claim, the issues tried in the court below concerned three allegations of negligence, (1) that the defendant had failed to provide a sufficient passageway between its tracks and the pillar of coal at the place of the accident, (2) that the tracks were out of repair, (3) that the switch was an unusual and dangerous device for use at

the point in question.  The defendant took issue on many of the facts which the plaintiff endeavored to prove; further, it contended that, even though the alleged acts of negligence were established, in law, it was not responsible for any of them, because it had employed a competent, certified mine foreman, as required by the Act of May 15, 1893, P. L. 52 [Golden v. Mt. Jessup Coal Co., 225 Pa. 164; D'Jorko v. Berwind-White Coal Co., 231 Pa. 164].  While the trial judge submitted all the issues of fact to the jury, he instructed that, if the conditions alleged by the plaintiff were found to have existed, as a matter of fact, then, in law, they could find the defendant negligent.  In an opinion sustaining this position, the court below states "The tunnels and entries are part of the plant......that the mine owner must furnish to his men; ......he must make them of sufficient width and sufficient height to permit the cars to enter and leave the mine, also provide a sufficient space between the tracks and the ribs or walls of coal to protect workmen at their work......To provide a proper passageway in the tunnel was a nondelegable duty imposed upon the mine owner, not one of the statutory duties imposed upon the mine foreman; ......, to make the tunnel reasonably safe, there should be sufficient space to allow a driver to pass between the cars and at least one wall of the mine, and at some places, perhaps, there should be an open way on each side of the track, according to the conditions and dangers incident to the work.  While the authority of the mine foreman is broad, the duties conferred upon him apply more particularly to the actual mining of coal and not to the providing of proper hauling ways; the duty of providing these ways remains in the owner, and his liability depends upon whether he complies with the requirements of the law, when the law (Act of Assembly) defines his duty, or in the absence of legislative demands, he must make them reasonably safe for the purpose for which they are used."

After considering all the decided cases, under both the

Bituminous Act of 1893, supra, and the Anthracite Act of June 2, 1891, P. L. 176, and giving heed to the able argument of counsel for the appellant, we are not convinced that the learned court below committed any substantial error at the trial or in its expressed views upon the law. Of course, where either of these acts places an obligation upon the mine foreman to see to or to do a particular thing, the execution of which involves the exercise of judgment or discretion, then his negligence in that regard cannot be imputed to the mine owner. This is exemplified by a provision under the Act of 1893, supra, that the mine foreman "shall see that the entries, at such places where road grades necessitate sprags ......shall have a clear level width of not less than two and one-half feet between the side of the car and the rib," for in such instances some one must decide as to the places where spragging is necessary, and see that the entries are constructed accordingly; which duty has been expressly put upon the mine foreman [Rafferty v. National Mining Co., 234 Pa. 66]. Again, under the general provision placing the workings under the mine foreman's charge and supervision, and under certain special provisions to be found in the acts, he is responsible for all work in the course of the construction of passageways, and for their future proper support [Waddell v. Simoson, 112 Pa. 567, 573], for the effect of all temporary daily operations therein, and for the proper maintenance of the appliances used in such operations [Reeder v. Lehigh Valley Coal Co., 231 Pa. 563, 576]. But where, as here, an entry has actually been constructed and the track laid for such a considerable length of time that the passageway with its equipment has become a part of the regular, established plant of the mine, and the owner through his superintendent has knowledge of the established conditions, when those conditions are more hazardous than the surroundings require, even though they do not present an immediate danger, if it reasonably can be foreseen that in the oper-

ation of the mine they are such as may well result in injuries to men working thereabout, then it is the duty of the owner to have them changed and made more safe, and a failure so to do is negligence that will give rise to a liability on his part [Wolcutt v. Erie C. & C. Co., 226 Pa. 204, 211; Dempsey v. Buck Run Coal Co., 227 Pa. 571, 579; Hood v. Connell Co., 231 Pa. 647, 649; Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124, 130; Collins v. Northern Anthracite Coal Co., 241 Pa. 55, 59]; such is the case at bar.

In Hood v. Connell Co., supra, at p. 651, we state the view that, "as to the protection intended to be afforded the health and safety of the men," the duties and responsibilities of the mine foreman are, generally speaking, the same under both acts of assembly. The Act of 1891, supra, contains a provision that all passageways "shall be made of sufficient width to permit persons to pass moving cars in safety," and it expressly provides that mine owners "shall place the underground workings, and all that is related to the same, under the charge and daily supervision of a competent person who shall be called 'mine foreman'"; further, it defines "workings" as embracing "all the excavated parts of the mine," which includes passageways; yet, in Simmons v. Lehigh Coal Co., 240 Pa. 354, we decided that an owner was responsible for and obliged to see to the proper width of the passageways in his mine. The Act of 1893, supra, contains several provisions concerning the mine foreman and his duties, which indicate that passageways are under his general control, and it fixes him with certain express duties in connection therewith; but when analyzed the act in question really goes no further in this respect than does the Anthracite Act of June 2, 1891, P. L. 176. There is nothing, aside from the part of the Act of 1893 which deals with the width of entries at places where spragging is necessary [Rule 3, Article 20], and a statement in Section 4 of Article 6, dealing with the duties of the mine foreman, to the effect

that "where there is a space of four feet between the wagon and the rib it shall be deemed sufficient for shelter," indicating any statutory width for passage-ways. All of which leads us to the conclusion that, in bituminous mines, the common law obligation [Reeder v. Lehigh Valley Coal Co., 231 Pa. 563, 570] is upon the owner to have a proper width in all established passage-ways, according to the necessities of each particular place [O'Brien v. Penna. Coal Co., 237 Pa. 44, 53], and that this obligation exists to the same extent as though the duty had been expressed in the Act of 1893, as in the Act of 1891; hence the principle of Simmons v. Coal Company, supra, is applicable to the present case.

The trial judge was of opinion that the injury complained of did not come from a risk ordinarily incidental to the plaintiff's employment as a driver in a mine, and that the peculiar possibilities of danger existing at the place where he was working were not of such a character that it should be ruled as a matter of law that a reasonably careful man was bound to anticipate a happening such as occurred and leave the defendant's service or incur the risk; and we think, under the facts at bar, that this is a correct view of the case [Smith v. Stoner, 243 Pa. 57, 61]. At the most, the question of assumption of risk, as also the question of the plaintiff's contributory negligence, were for the jury, and the issues were properly submitted. We are not convinced that the trial judge erred when he refused to say there was no evidence in the case that the defendant's superintendent had knowledge of the conditions which gave rise to the plaintiff's injury. Although there was no direct evidence that the superintendent had knowledge on the very day of the accident of the exact conditions then existing, and the trial judge so said, still there was ample evidence that he looked at the place, and must have seen the then existing conditions, at least two weeks prior to the day of the plaintiff's injury, and that the conditions at the place of the accident were practically the same

when examined by a witness one day after it happened, as they had been at the time the defendant's superintendent was upon the spot at least two weeks before; from these facts, the jury was justified in drawing the inference that the superintendent possessed all necessary knowledge concerning the conditions which gave rise to the plaintiff's injury.

Under the evidence relied upon by the plaintiff, it is readily conceivable that the defective condition of the track caused the cars to jump the switch and that, had a different type of switch been used, such a result would not have occurred; and this defective condition was so close to the narrow passageway occupied by the plaintiff's trip that the resulting collision followed as a natural consequence. All these contributing causes having been treated at the trial as properly averred, and it being possible to attribute each of them to negligence on the part of the defendant, it matters not which should be classed as the proximate cause of the accident. While, possibly, the trial judge ought to have told the jury that "the use of an appliance in a particular business that is in general and ordinary use in that business, is sufficient evidence that such an appliance was reasonably safe," instead of saying that it was "some evidence" of that fact, yet, under the circumstances, the expression objected to presents a mere inadequacy of charge, which cannot be taken advantage of at this time, for it was not especially excepted to at trial [Mastel v. Walker, 246 Pa. 65, 71]; moreover, we are satisfied that the charge as a whole was substantially correct and that no material harm was done the defendant by the matter here complained of. Finally, the refusal, without reading, of the point for charge submitted by the defendant, to the effect that an owner is not liable for the negligence of his mine foreman, although presenting a correct statement of a general principle of law, could have done the defendant no material harm; for this principle was adverted to in the general charge, and if the jury be-

lieved the facts to be as contended for by the plaintiff, and the verdict shows they did, then all the acts alleged as negligence were properly attributable to the mine owner.

The assignments of error are overruled, and the judgment is affirmed.