# McCollom v. Pennsylvania Coal Company, Appellant.

*Negligence—Master and servant—Mines and mining—Act of June 2, 1891, P. L. 176, Article 12, Rule 44—Contributory negligence—Case for jury.*

1. When a mine owner has knowledge of conditions which are hazardous to employees, or of the failure of the mine foreman to properly perform his duties in safeguarding the lives of others, it is his duty to remedy the dangerous condition, and failure on his part to do so will give rise to liability which he cannot avoid by the plea that the danger arose through the act of the mine foreman for whose negligence he is not responsible.

2. The provisions of Rule 44 of Article 12 of the Act of June 2, 1891, P. L. 176, providing that "an efficient alarm shall be provided and attached" to the front end of every train of cars operated by a locomotive in every mine or part of a mine, apply not merely to the main roadway of the mine, but extend to every siding.

· 3. In an action against a mining company by an employee to recover damages for personal injuries, it appeared that at the time of the accident plaintiff was working on a coal car on a siding in defendant's mine and was caught between the bottom rock and the car when it was struck by a train pushed into the siding. Plaintiff admitted that he heard the noise of an approaching train but stated that there was a cross-cut between the heading in which he was working and the adjoining one, making it impossible to know where the approaching train was going, and further testified

that he heard no bell and saw no light to indicate that a train was coming. It further appeared that on former occasions a man was sent ahead of the train to ascertain whether the car was loaded and that by this means plaintiff' ordinarily knew when a train approached, but that no such notice was given at the time of the accident. *Held,* that the case was for the jury.

4. In such case the doctrine of assumption of risk is not applicable, the negligence charged being a breach of a statutory duty.

*Charge of court—Failure to ask for specific instructions.*

5. A party may not sit silent and take his chances of a verdict and afterwards if it is adverse complain of a matter which could have been immediately corrected at the time of the trial.

6. Failure of the trial judge to instruct the jury on questions of law affecting the case is not ground for reversal where no instructions have been asked for.

Argued April 14, 1915. Appeal, No. 293, Jan. T., 1914, by defendant, from judgment of C. P. Luzerne Co., May T., 1911, No. 679, on verdict for plaintiff, in case of Jacob McCollom v. Pennsylvania Coal Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,456, and judgment thereon. Defendants appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*John McGahren,* with him *Warren, Knapp, O'Malley & Hill,* for appellant.

*W. Alfred Valentine,* with him *L. Floyd Hess,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 26, 1915:

Plaintiff was a miner employed to assist in driving a heading leading from the main gangway in defendant's mine. He began work on March 6, 1910, and four days later while engaged in loading two cars standing on the siding in the heading, a train of cars pushed by a locomotive bumped against the cars which plaintiff was loading, causing them to move suddenly forward and catching plaintiff's leg between the end of the car and the bottom rock; causing injuries so serious that amputation of his leg became necessary, for which injury this action was brought to recover compensation.

The principal question for consideration is whether or not defendant was negligent in failing to provide and attach to the front car of the train an efficient alarm as required by Rule 44, Article 12, of the mining Act of June 2, 1891, P. L. 176, which provides that "when locomotives are used in any mine their speed shall not exceed six miles per hour, and an efficient alarm shall be provided and attached to the front end of every train of cars pushed by a locomotive in any mine or part of a mine." It is admitted that no alarm or light of any kind was attached to the front end of the train of cars which was pushed into the heading and which struck the cars that injured plaintiff. The mine foreman testified that an alarm, consisting of a combination bell and torch, was used on the front of trains operated on the main gangway road, but that this alarm was never so used in the sidings or any part of the mine. It appears that in running on to the sidings, defendant depended upon the use of the bell and torch on the motor to give notice of the approaching train. It is contended by defendant that the alarm for use in every part of the mine had been furnished, and that the failure to use it in the headings was because of the construction put upon the act by the mine foreman, who considered it unnecessary to use it at such places; and, that if the mine foreman was in error in his construction of the act of assembly or

mistaken in performance of the duty, defendant should not be held liable for his mistake, or error in judgment or negligence. The foreman had been engaged in that capacity in defendant company's mines for some five years.

The provisions of rule 44 are mandatory to the effect that "an efficient alarm shall be provided and attached" to the front end of every train of cars operated by a locomotive in any mine or part of a mine. This clearly does not apply merely to the main roadway of the mine, but extends to every siding in every heading of the mine. Moreover, the duty is one which in its very nature devolves upon the mine owners in so far as providing the alarm is concerned. Even if the duty of attaching alarms or seeing that they are attached to the front end of the cars is one which comes within the province of the mine foreman, his failure to perform this duty was known or at least had continued for so long a period that it should have been known to the mine owner. The first rule under Article 12 of the Act of 1891, provides that the "owner, operator or superintendent of a mine or colliery shall use every precaution to insure the safety of the workmen in all cases, whether provided for in this act or not." The duty of the mine owner, therefore, upon receiving information of failure of the mine foreman to make proper provision for the safety of miners working in the headings, was to see that proper safety devices were used. As was said by this court, Bogdanovicz v. Susquehanna Coal Company, 240 Pa. 124, by Mr. Justice MESTREZAT: "The statute, however, has not relieved the owner from liability for his own neglect or failure of duty. There may be cases in which both the mine foreman and the mine owner may be liable to an injured party. If through any neglect or failure of duty the mine owner causes injury to one of his employees the general rule applicable in such cases subjects the owner to damages for his default. If there is a dangerous condition existing in the mine which is permitted by the

negligence of the mine foreman resulting in injury to an employee, the mine owner will be responsible if he has knowledge of the fact and takes no steps to remove it. The owner cannot neglect his duty and escape responsibility. The statute provides that the owner shall use every precaution to insure the safety of the workmen in all cases whether provided for in the act or not."

It has frequently been held by this court that when the owner has knowledge of conditions which are hazardous to employees, or knowledge of the failure of the mine foreman to properly perform his duties in safeguarding the lives of others, it is his duty to remedy the dangerous condition; and, failure on his part to do so will give rise to liability which he cannot avoid by the plea that the danger arose through the act of the mine foreman, for whose negligence he is not responsible: Wolcutt v. Erie Coal & Coke Company, 226 Pa. 204; Watson v. Monongahela River Consolidated Coal & Coke Company, 247 Pa. 469, and cases therein cited.

Defendant also contends that plaintiff was guilty of contributory negligence and voluntarily assumed the risk of the danger which he knew existed. Plaintiff admitted he heard the noise of the approaching train, the same as he had heard it on other occasions, but stated there was a cross-cut between the heading in which he was working and the adjoining one, which made it impossible to know whether the train was approaching in the heading in which he was working or in the other. He testified he heard no bell and saw no light to indicate the approaching train, which no doubt was due to the fact that the light was on the engine and obstructed by the cars it was pushing. It also appeared that on prior occasions the motorman of the train sent someone ahead to ascertain if the car was loaded, and in this way plaintiff knew when to expect the approach of the train. No such notice of its approach was given at the time of the accident. This testimony was sufficient to require the case to be submitted to the jury on the ques-

tion of plaintiff's negligence in failing to seek a place of safety. The negligence charged was a breach of statutory duty, and defendant was or should have been familiar with the conditions and also with the failure of the foreman to use lights or signals on the front of trains in headings; consequently the doctrine of assumption of risk by the servant does not apply: Amiano v. Jones & Laughlin Steel Co., 233 Pa. 523; Smith v. Stoner, 243 Pa. 57.

Complaint is made in regard to the manner of submission of the case to the jury. While certain parts of the charge when considered alone are slightly misleading, the charge as a whole is free from substantial error. If, as contended by defendant, more explicit instructions should have been given on the question as to what constitutes contributory negligence, such instruction should have been asked for at the time. A party may not sit silent and take his chances of a verdict, and afterwards if it is adverse complain of a matter which would have been immediately corrected at the time of the trial: Reznor Manufacturing Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369. Nor is the failure of the trial judge to instruct the jury on the questions of law affecting the case ground for reversal where no instructions have been asked for: Geiger v. Pittsburgh Rys. Co., 247 Pa. 287; Moyer v. Pennsylvania Railroad Company, 247 Pa. 210.

The assignments of error are overruled and the judgment of the lower court is affirmed.