# Jaras, Appellant, v. Wright et al.

*Negligence—Master and servant—Death—Mines and mining—Proximate cause—Act of June 9, 1911, P. L. 798.*

1. There is no legal excuse for a failure to obey an absolute statutory requirement.

2. A mine owner violates the statutory duty imposed upon him by the Act of June 9, 1911, P. L. 798, and, unless contributory negligence intervenes, is liable for an injury resulting therefrom, if he permits "electric haulage by locomotives operated from a trolley wire......in any gaseous portions of mines, except upon intake air, fresh from the outside."

3. Ordinarily the proximate cause of an accident is the one without which the accident could not have happened.

4. If there are two or more proximate causes of an accident, one of which is the breach of an absolute statutory duty, the party who disobeys the statute is liable therefor, even though the injury would not have happened without the concurrence of another cause.

5. In determining whether a party should be held liable for an injury to another, ordinarily the items to be considered are: 1st. What caused the injury? 2d. What was the proximate cause thereof? 3d. Did any act or negligence of the defendant bring about the result? 4th. Did defendant violate any duty owed to plaintiff?

5th. Did any act or negligence of plaintiff, or of those through whom plaintiff claims, contribute to the injury? If all those questions are answered in favor of plaintiff a recovery can be had.

6. Lapse of time gave to defendants constructive notice of the gaseous condition of the mine; and the actual knowledge of the superintendent is imputed to the mine owners.

*Supreme Court practice — Appeals—Judgment n. o. v.—Subsequent appeal by defendant.*

7. Where the Supreme Court reverses a judgment n. o. v., a subsequent appeal will be allowed the losing party if he desires to have reviewed exceptions taken by him at the trial.

Mr. Justice FRAZER dissents.

Reargued Jan. 7, 1919. Appeal, No. 122, Oct. T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 360, for defendants n. o. v. in case of Valaria Jaras v. Thurston Wright and A. M. Bell, Receivers of the Merchants Coal Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before MACFARLANE, J.

At the trial the jury returned a verdict for plaintiff for $7,500. Subsequently the court entered judgment for defendants n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*George C. Bradshaw,* with him *Frank Thomson,* of *Thomson & Bradshaw,* for appellant.—The case was for the jury: McCollom v. Penna. Coal Co., 250 Pa. 27; Watson v. Monongahela River Consolidated C. & C. Co., 247 Pa. 469; Koelsch v. Philadelphia Co., 152 Pa. 355.

*W. Clyde Grubbs,* for appellees, cited: Reeder v. Lehigh Valley Coal Co., 231 Pa. 563; Watson v. Monongahela River C. C. & C. Co., 247 Pa. 469; Rhad v. Du-

quesne Light Company, 255 Pa. 409; Marsh v. Giles, 211 Pa. 17.

OPINION BY MR. JUSTICE SIMPSON, February 10, 1919:

Plaintiff, on behalf of herself and her minor children, sued defendants to recover damages for the negligent killing of her husband. The jury rendered a verdict for plaintiff, but the court below entered judgment for defendants non obstante veredicto, and plaintiff appeals.

Decedent was a miner, working for defendants in the Oreanda mine at Boswell, Pennsylvania; and near his place of work there was an electric trolley haulage system installed. On August 9, 1915, that portion of the mine was found to be gaseous, and was closed for some ten days. On August 20, 1915, work was resumed, and continued to and including August 30, 1915. On the morning of August 31, 1915, the fire boss, while making his rounds through the mine, discovered gas in No. 8 dip entry. He noted the fact in a book kept for the purpose, barricaded that portion of the mine, to prevent any one entering it, and erected thereat the usual danger notice. At that time the trolley system was not in operation. Later in the morning some one removed the barricade and the danger signal, and decedent and other miners entered No. 8 dip entry and the parts of the mine adjacent thereto. Thereafter some one turned on the current of electricity, the electric locomotive was run into the gaseous portion of the mine, an explosion occurred, and plaintiff's husband was killed.

Plaintiff's statement of claim sets forth as her cause of action, inter alia, a violation of Article XI, Section 6, of the Act of June 9, 1911, P. L. 798, which provides that "Electric haulage by locomotives operated from a trolley wire is not permissible in any gaseous portions of mines, except upon intake air, fresh from the outside." At the trial, evidence was produced to show that this portion of the mine was gaseous; that it was not supplied with intake air fresh from the outside, but with air contami-

nated by being brought through other gaseous portions of the mine; and that the explosion resulted from a spark caused by the running of the trolley pole along the trolley wire.

In its opinion entering judgment for defendants non obstante veredicto, the court below states that the facts were as hereinbefore set forth, but holds that "the removal of the fence, turning on of the current, and operation of the locomotive was the proximate cause" of the injury. With that conclusion we cannot agree. The removal of the barricade was not the proximate cause, for the explosion would have occurred even though it had then been in place. The turning on of the current of electricity was not the proximate cause, for the electric current could have been run indefinitely over the trolley wire and no explosion take place; so the evidence shows, and so every one knows who watches at night a trolley wire of one of our electric railways. Nor was the gaseous condition of the mine, or the presence or absence of intake air fresh from the outside, the proximate cause, for either or both could have existed in that mine and no explosion have occurred. It follows that the proximate cause must have been the running of the trolley pole along the highly charged trolley wire, just as the evidence shows and the jury found; and as it was so run in a gaseous portion of the mine, where there was no intake air fresh from the outside, defendants violated an express statutory duty which they owed decedent, and, the jury having found that he had not been guilty of contributory negligence, they are liable to plaintiff for their dereliction of duty.

The difficulties which arise in this class of cases not infrequently result from confusing proximate cause, remote cause, negligence and contributory negligence; yet they are essentially different things, and ordinarily can be distinguished easily as a matter of law. In the present case there are five distinct matters to be considered in solving the question as to whether or not plaintiff

is entitled to a verdict, and each may be determined in and of itself, without reference to any other: 1st. What occasioned the injury? In this case it was the explosion. 2d. What was the proximate cause thereof? In this case it was a spark emitted as the result of running the trolley pole along the electrically charged wire.. 3d. Did any act or negligence of the defendants bring about that result? In this case it did, for they permitted the operation of the trolley, in violation of the statutory duty to prevent it in gaseous portions of the mine, except upon intake air fresh from the outside. 4th. Did defendants violate any duty they owed to plaintiff? In this case they did, for the purpose of the act, inter alia, is to protect the miners, of whom decedent was one. 5th. Did any act or neglect of plaintiff, or of decedent, contribute to the injury? In this case the jury have found that it did not. Hence, tested by the rules laid down, and under the findings of the jury, plaintiff was entitled to recover, just as she would have been had the several findings been set forth in a special verdict, and the judgment of the court prayed thereon.

If it be thought necessary, in order to make the defendants liable, that it must be shown they knew the electric trolley system was in a gaseous portion of the mine, and likely to be operated therein in violation of the statute, we not only have the lapse of time as bringing home constructive notice to them (Watson v. Monongahela River Consolidated Coal & Coke Co., 247 Pa. 469; McCollom v. Penna. Coal Co., 250 Pa. 27); but we have the further admitted fact that the superintendent of the mine actually knew, and his knowledge is imputed to them.

We held in Jones v. American Caramel Co., 225 Pa. 644, that there is no legal excuse for a failure to obey an absolute statutory requirement, and that decision also controls this case. If, however, it be asserted that two negligences concurred in producing the injury, one that of the mine foreman, and the other that of defend-

ants in failing to obey the statutory requirement, the result would be the same under the familiar rule that those concurring in negligently producing an injury, are jointly and severally liable to the party injured: O'Malley v. Phila. Rapid Transit Company, 248 Pa. 292. In the present case the evidence does not show, and, perhaps, owing to the death of the assistant mine foreman, could not show, that he was responsible for removing the barricade and permitting the men to enter the mine; but, as stated above, the conclusion would not be altered if those facts were admitted or proved. Of course, if decedent had entered the mine knowing of the wrongful removal of the barricade, no matter by whom, he would have taken the chances of an accident, and plaintiff could not recover; but that matter is entirely beside the question we are now considering, and, moreover, was disposed of by the verdict of the jury.

At the close of its opinion the court below says: "The evidence discloses no cause of action. If it did a new trial would be granted, for the wrong issue was submitted to the jury. The reason that the verdict is excessive would not prevail." This conclusion is predicated upon the error above quoted that "the removal of the fence, turning on of the current, and operation of the locomotive was the proximate cause" of the injury. If all three had to be proved to be the acts of the defendants, as distinguished from those of the assistant mine foreman, it would be true that "the evidence discloses no cause of action." The trial judge, however, made no such mistake. He told the jury that "defendants would be liable here only if they were negligent in maintaining and operating an electric haulage system in a place which they knew or ought to have known was gaseous, in a gaseous portion of the mine, and other than upon intake air fresh from the outside." That was the right issue to submit to them; and hence there is no reason for reinstating the rule for a new trial. Inasmuch, however, as defendants took a number of exceptions during the course of the

trial, it is but proper to allow them a chance to have a review thereof by this court, if they shall be so advised.

The judgment of the court below is reversed and the record is remitted with directions to enter judgment on the verdict.

FRAZER, J., dissents.