pay any, either or all of said above-mentioned liabilities, as the holder hereof may deem proper, returning the overplus to the undersigned,' he meant to give to the word 'holder' in this note its well-understood, broad, inclusive, legal meaning, and to enhance the negotiability of his paper by conferring on every subsequent purchaser thereof all the advantages enjoyed by holders of such paper. There is nothing in the note itself to evidence an intent on his part to restrict the word 'holder' to the Bank of Pittsburgh, and to so restrict it we must make it read 'the holder, to wit: the Bank of Pittsburgh.' This, we think, would be to write into the note a change for which we have no warrant."

In asking us to sustain this appeal, counsel for appellants rely mainly upon Gillet v. Bank of America, 160 N. Y. 549. The distinction between that case and the one under consideration is very marked. There, the "other liabilities" of the maker of the note to be secured by the pledged securities were those due or to become due "to the said bank," the payee of the note. If this had been the covenant of the appellants, the verdict directed by the court below would have been proper, and the judgment on it could not be disturbed.

The judgment of the Superior Court is affirmed.

----

## Holz v. H. J. Heinz Co., Appellant.

*Negligence—Master and servant—Vice principal—Act of superintendence—Case for jury—Act of June 10, 1907, P. L. 523.*

In an action by an employee against a can manufacturing company to recover damages for personal injuries, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that at the time of the accident plaintiff was trying to remedy a defect in a machine when the foreman, who was not engaged in the manual work of repairing it, but was merely directing the movements of the plaintiff, inadvertently stepped on the treadle which set the machine in motion, causing the injuries complained of.

Argued Oct. 12, 1914.  Appeal, No. 12, Oct. T., 1914, by defendant, from judgment of Superior Court, April T., 1913, No. 150, affirming judgment of C. P. Allegheny Co., Aug. T., 1910, No. 121, on verdict for plaintiff in case of Bernhard S. Holz v. H. J. Heinz Company, a corporation.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.  Affirmed.

Appeal from Superior Court.  PORTER, J., filed the following opinion:

The plaintiff, a die maker and machinist in the can-making department of the defendant company, was injured on June 29th, 1909, and subsequently brought this action to recover damages for such injury.  He recovered a verdict and judgment in the court below and the defendant company appeals.  The only assignments of error refer to the refusal of the court below to give binding instructions in favor of the defendant and the subsequent refusal to enter judgment in favor of the defendant non obstante veredicto.

The can-making department of the defendant company employed about one hundred and fifty people and a variety of machinery was operated therein.  This department was in charge of J. M. Henry, who was designated as foreman, and the employees therein were bound to conform to his orders.  The plaintiff alleges that his injury was caused by the negligence of the said Henry, and that the defendant company was liable for the consequences.  The defendant does not contend that J. M. Henry was not a vice principal, under the provisions of the Act of June 10th, 1907, P. L. 523, if at the time of the accident he was performing duties as a foreman, but claims that the evidence failed to justify a finding that he was executing an "act of superintendence" when plaintiff alleges he negligently did the thing which caused the injury.  The evidence would have warranted a finding of the following facts: There was in the department a cap trimming machine which was usually

operated by a boy and girl; upon the day in question a number of metal caps became fastened or stuck in this machine and it would have been dangerous for the youthful and unskilled persons who usually operate it to attempt to remove this obstruction; the machine was stopped and the facts were reported to Henry the foreman, who set about discovering and remedying the defect in the machine. Henry had taken a piece of iron and pushed out some of the caps which had been crushed in the machine. Henry then called to the plaintiff who was passing near him and ordered him to press two levers, which order the plaintiff obeyed, and, while he was doing so, Henry who was looking into the machine, moved his foot and, without intending to do so placed it on the treadle which started the machine in operation, with the result that plaintiff's hand was injured. The evidence warranted a finding that Henry, at the time of the accident, was not engaged in any manual labor; that, on the contrary, he was merely looking into the machine to observe the effect of the execution of the order which he had given the plaintiff. If this were so Henry was not, at the time of the accident, acting jointly with the plaintiff as a fellow-servant in the mere manual labor of repairing the machinery. One of the primary obligations of an employer who uses machinery in his business is to see that machinery is kept in a reasonably safe condition. In this case a defect had developed in a machine which rendered dangerous its further use by those who operated it, and in order to protect them it was the defendant's duty to discover and remedy the defect; this the foreman was endeavoring to do when he was directing the movements of the plaintiff and when, in order to observe the effect of the execution of his order, he moved and, without intending to do so, negligently placed his foot upon the treadle which set the machine in motion and injured the plaintiff, and under the law his principal is liable for the damages which ensued from the negligent performance of this duty. The case is ruled by

Kelly v. Henry Bower Chemical Manufacturing Co., 239 Pa. 555. There was no evidence in the case which tended to indicate that the action of the plaintiff in obeying the order of the foreman to press the levers of the machine involved any danger so long as the machine was not in operation, and the court below would not have been warranted in holding the plaintiff as a matter of law, guilty of contributory negligence.

The evidence was upon some of the questions material to the right of the plaintiff to recover conflicting, but the case was for the jury, and as the specifications of error do not question the manner of the submission they must be dismissed.

The Superior Court affirmed the judgment of the Court of Common Pleas entered on a verdict for plaintiff for $548.21. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*George M. Harton,* for appellant.

*Meredith R. Marshall,* with him *John M. Prescott, Jr.,* for appellee.

PER CURIAM, January 2, 1915:

The judgment of the Superior Court is affirmed on the opinion of Judge PORTER.