## Counizzarri v. Snyder, Appellant.

*Negligence—Master and servant—Fellow servant rule—Stone quarry—Hoisting engine—Order of engineer—Act of June 10, 1907, P. L. 523—Contributory negligence—Case for jury.*

1. Under the Act of June 10, 1907, P. L. 523, providing that negligence of a fellow-servant shall not be a defense where the injury was caused by or contributed to by the negligence of a person in charge of or directing the particular work in which the employee was engaged at the time of the injury, or the negligence of a per-

son to whose order the employee was bound to conform and did conform at the time of the injury, the question as to whether an employee was subject to the authority of an engineer whose negligent act caused the injury, is for the jury where the evidence on such question is conflicting.

2. In an action by an employee against the operator of a stone quarry to recover damages for personal injuries, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appeared from plaintiff's evidence that on account of the heavy grade of an incline roadway in the quarry the horses were assisted in pulling the loaded wagons to the top by attaching to the wagons a cable operated by a hoisting engine at the head of the incline; that it was plaintiff's duty to detach the cable at the top of the incline; that while in the act of detaching the cable in pursuance of an order by the engineer plaintiff's hand was caught and injured by the sudden starting of the engine by the engineer, and where defendant offered evidence to the effect that at the time of the accident the wagon had not reached the place for detaching the cable, that the engine had been stopped to enable one of the horses to regain its feet, and that plaintiff's effort to remove the cable at that time was premature and without instruction; and where the evidence as to the engineer's authority to direct the plaintiff was conflicting.

Argued Jan. 11, 1916. Appeal, No. 161, Jan. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 574, on verdict for plaintiff in case of James Counizzarri v. Paul J. Snyder, trading as Paul J. Snyder & Company. Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Sulzberger, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Edward M. Biddle,* with him *Robert T. McCracken,* for appellant.—The engineer of the hoisting engine was a fellow servant of the plaintiff, and the Act of June 10, 1907, P. L. 253, is not applicable: Bradbury v. Kingston Coal Co., 157 Pa. 231; Feeney v. Abelson, 49 Pa. Superior Ct. 163; Golien v. Susquehanna Coal Co., 54 Pa. Superior Ct. 299; Sorden v. Parker, 53 Pa. Superior Ct. 539, and Reeser v. Metropolitan Electric Co., 246 Pa. 24.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellee.—The employer is bound to provide the employee with a reasonably safe place to work: Obert v. Hammermill Paper Co., 249 Pa. 456; Bardsley v. Gill, 218 Pa. 56; Sellick v. Pennsylvania Contracting Co., 55 Pa. Superior Ct. 43. The question as to who are fellow servants is for the jury: Schwarz v. Glenn, 244 Pa. 519; Laubach v. Coplay Cement Mfg. Co., 217 Pa. 361; Sage v. Lehigh Valley R. R. Co., 241 Pa. 49; Kelly v. Henry Bower Chemical Mfg. Co., 239 Pa. 555. The Act of 1907 is applicable.

OPINION BY MR. JUSTICE FRAZER, February 14, 1916:

Defendant operated a stone quarry in which an inclined roadway was used for hauling wagons loaded with stone from the bottom of the quarry to the surface. To each wagon were attached two horses and, owing to the heavy grade of the incline, the horses were assisted in hauling the loaded wagons to the top by attaching to the tongue of the wagon a cable operated by a steam engine located at the head of the incline. Plaintiff had been working for defendant about two months, one of his duties being to detach the cable from the wagon at the top of the incline, and while so engaged his left hand was caught, either at the point where the cable was attached to the wagon, or at the block and tackle located a short distance from the end of the wagon tongue, and quite seriously injured. To recover compensation for the injury so sustained, this action was brought. The negli-

gence alleged is—(1) incompetency of the engineer, and (2) failure to furnish a reasonably safe place to work. A verdict was rendered in favor of plaintiff, and, on refusal of the court below to enter judgment for defendant non obstante veredicto, this appeal followed.

Plaintiff offered evidence tending to show that the engineer of the hoisting engine was also in charge of the work and directed other workmen, and at the time plaintiff received his injury he was ordered by the engineer to detach the cable from a loaded wagon, and that, while in the act of so doing, the engine was suddenly started by the engineer, and plaintiff's hand caught and injured as above indicated. The evidence on part of plaintiff is conflicting as to the exact manner in which his hand was caught. This, however, is immaterial in view of the fact that the cause of the injury was the starting of the engine. Defendant offered evidence to the effect that at the time of the accident the wagon had not reached the place for detaching the cable; that the engine had been stopped to enable one of the horses, which had slipped and fallen, to regain its feet, and that plaintiff's effort to remove the cable at that time was premature, and without instructions to do so. This conflict in the testimony made the question of plaintiff's contributory negligence one for the jury. Assuming the order to detach the cable was given, it does not appear that the danger was so imminent as to convict plaintiff of negligence as matter of law in attempting to carry out the instructions at the time, and in the manner he did: Smith v. Stoner, 243 Pa. 57; Watson v. Monongahela River Consol. Coal & Coke Co., 247 Pa. 469. The question of his negligence in this respect, and whether he assumed the risk, consequently, was for the jury.

The evidence that the engineer was in charge of the work, and that plaintiff was subject to his orders, was contradicted by defendant, whose witnesses testified another employee was the foreman, and the engineer was without authority to direct other workmen. There is

also evidence that the superintendent, Latham, was plaintiff's boss. This, also, raised a question which could be settled only by a jury.

The Act of June 10, 1907, P. L. 523, provides that negligence of a fellow servant shall not be a defense where the injury was caused, or contributed to, by the negligence of a person in charge of, or directing, the particular work in which the employee was engaged at the time of the injury, or the negligence of a person to whose orders the employee was bound to conform, and did conform at the time of the injury. Therefore, if plaintiff was subject to the engineer's orders and was obeying such orders at the time he received his injury, as appears from the evidence on his behalf, and the injury resulted from the negligent act of the engineer in prematurely starting the engine, after ordering plaintiff to a place of danger, then the defense of negligence of a fellow servant could not be raised: Kelly v. Henry Bower Chemical Mfg. Co., 239 Pa. 555; Holtz v. H. J. Heinz Co., 247 Pa. 259. Owing to the conflicting evidence as to the authority of the engineer to give orders to other employees, that question was for the jury with instructions that if the facts were found to be as plaintiff contended they existed, then the fellow servant rule was not a defense.

The case was for the jury, and for that reason neither of defendant's assignments of error—refusal of binding instructions and judgment n. o. v.—can be sustained.

Judgment affirmed.