# Chance v. Philadelphia Ship Repair Company, Appellant.

*Negligence—Master and servant—Foreman — Vice-principal — Improper orders—Relying on judgment of superior—Contributory negligence—Inevitable danger—Case for jury.*

1. Where, in action to recover damages for personal injuries sustained by a dock hand while engaged in work about a revolving cylinder or drum, used for hoisting machinery, it appeared that plaintiff and others were engaged in hoisting a ship's rudder into place; that a rope was coiled around the drum, one end of which was attached to the rudder and the other held by plaintiff; that plaintiff was instructed by the foreman to relax his hold to permit the rudder to drop into place by allowing the rope to slip on the drum; that owing to the number of coils the rudder did not slip easily; that the foreman ordered plaintiff to reduce the number of coils and that while plaintiff was obeying the foreman's orders the rudder suddenly fell, in consequence of the reduced number of coils, causing plaintiff to become entangled in the ropes and inflicting serious injuries, the case was properly submitted to the jury and a judgment on a verdict for plaintiff was sustained.

2. Under the circumstances, plaintiff was not obliged to set up his judgment against that of his superior, but had a right to rely on the latter's knowledge.

3. Although there necessarily came a time in removing turns from the drum when the danger point was reached, depending upon the object being raised or lowered, it cannot be said in this case, as a matter of law, in view of the number of coils on the drum at the time, that obedience to the foreman's orders was so inevitably and immediately dangerous that plaintiff must be held guilty of contributory negligence in not refusing to obey them.

Argued Jan. 10, 1917. Appeal, No. 128, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1915, No. 4607, on verdict for plaintiff, in case of Francis H. Chance v. Philadelphia Ship Repair Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Wm. Findlay Brown,* with him *Charles B. Downs,* for appellant.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 26, 1917:

Plaintiff was employed as general laborer and dock hand in defendant's ship repair yard. In connection with defendant's business a derrick is used for the purpose of hoisting and lowering materials, and articles of considerable weight, to places where they would be used in the course of repairing ships. The derrick is operated by an engine connected with a revolving cylinder, or drum, around which the rope, attached to and part of the hoisting machinery, is coiled and wound, or unwound, as the material or object is raised, or lowered, as the case requires. The rope is not attached to the drum, but a number of coils or "turns," as they are called by those employed on the derrick, are made around the cylinder, and the loose end is held by an employee as the drum gradually revolves, and either lets out, or takes in the rope, as required in elevating or lowering the objects. When for any reason the lowering of an article becomes necessary, with the use of the engine's power, the employee holding the rope relaxes his hold, as it gradually unwinds around the drum. At the time plaintiff received his injury he was detailed from his usual work by the foreman, and directed to hold and control the unattached end of the rope as it passed around the drum,

while hoisting into place a ship's rudder, weighing in the neighborhood of three tons. The rudder had been hoisted and lowered twice, and the third time elevated to a point slightly higher than necessary, when plaintiff was instructed by the foreman to relax his hold and permit the rudder to drop by allowing the rope on the drum to slip, the engine in the meantime having been stopped. At the time the rope was coiled six or seven times around the drum and apparently failed to act as quickly as those in charge of the work thought it should, according to plaintiff's evidence, whereupon the foreman peremptorily ordered plaintiff to reduce the number of coils. In complying with this order two coils were removed in safety, and upon loosening the third the resistance of the remaining coils was not sufficient to prevent the heavy rudder from falling, and causing the rope to slip rapidly, catching plaintiff in its coils and tearing his leg from the body, for which injury he brought suit. The court below submitted the case to the jury and a verdict for plaintiff was rendered, and upon judgment being entered thereon, following the overruling of defendant's motion for judgment in its favor non obstante veredicto, this appeal followed.

Plaintiff was detailed to assist in this class of work upon several occasions previous to the day of the accident, and, according to his testimony, received no instructions as to the number of times the rope should be wound around the drum in operating the derrick. This, of course, depended principally upon the weight of the object to be raised or lowered, and the number of blocks and pulleys used at the time; that is, whether they were single, double or triple purchase, to use the language of one of plaintiff's witnesses. While it appears to be conceded that the same number of "turns" required to raise the weight in safety, was also required to lower it, there is no method by which plaintiff could determine, with any degree of accuracy, the number necessary to raise a certain weight or, if a given number of turns

was required in a specific instance, the number that might be removed with safety in others. This was a matter depending upon the judgment, knowledge and experience of the man in charge of the work. Although plaintiff had previously been employed in this work on several occasions, it does not appear that his experience was such as to charge him with the knowledge necessary to enable him to determine the number of turns required for safety in raising the particular weight in question. He testified the instructions given him by the foreman were to watch and do as the latter directed him to do. The foreman was standing near plaintiff, directing the work, and was the man best fitted to know, in view of the rigging used at the time and the weight being raised, the number of coils that could, with safety, be removed from the drum, and it was his duty, under the circumstances of this case, to indicate the number in his order. Plaintiff stated he "kept putting on turns" until he considered it safe to "hoist without pulling," when the foreman ordered him to remove part of them. Under the circumstances, plaintiff was not obliged to set up his judgment against that of his superior, but had a right to rely upon the latter's knowledge. Although there necessarily comes a time in removing turns from the drum when the danger point is reached, depending upon the object being raised or lowered, we cannot say in this case, as a matter of law, in view of the number of coils on the drum at the time, that obedience to the foreman's orders was so inevitably and imminently dangerous that plaintiff must be held guilty of contributory negligence in not refusing to obey them: Reese v. Clark, 198 Pa. 312; Counizzarri v. Snyder, 252 Pa. 377. The negligence of defendant, and contributory negligence of plaintiff were questions for the jury to determine, and were properly submitted by the court below.

The judgment is affirmed.