MIKE BIGUS, Appellant, *v.* LEHIGH AND WILKESBARRE COAL COMPANY, Respondent.

Master and servant — injury to plaintiff while working in defendant's mine in the state of Pennsylvania — erroneous dismissal of complaint upon ground that under the statutes of that state the mine was in charge of a mine-foreman for whose negligence defendant was not liable.

Plaintiff was injured in defendant's mine, in the state of Pennsylvania, by the negligence of employees of the defendant. The mine was under the charge and daily supervision of a mine-foreman employed pursuant to an act of the legislature of the state of Pennsylvania, entitled "An act to provide for the health and safety of persons employed in and about the anthracite coal mines of Pennsylvania and for the protection and preservation of property connected therewith." The plaintiff's complaint was dismissed solely on the ground that under that statute the mine was in charge of a mine-foreman over whom the owner had no control and that the defendant is not liable for injuries resulting from the negligence of employees therein. On examination of the facts and of the Pennsylvania statute as construed by the courts of that state, *held*, that the accident did not result from any negligence of the mine-foreman in his supervisory authority, but from the negligence of individual employees of the owner, and from a failure by them to give a warning which was not only necessary, but which it was customary to give, to prevent an accident such as the one by which the plaintiff was injured, and that the complaint should not have been dismissed.

*Bigus* v. *Lehigh & Wilkesbarre Coal Co.*, 160 App. Div. 838, reversed.

(Argued March 22, 1916; decided April 11, 1916.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial

department, entered March 6, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Otto H. Droege* for appellant. The Pennsylvania law relied upon by defendant is not a defense to the action. (*D. & H. Canal Co.* v. *Carroll,* 89 Penn. St. 374; *Howell* v. *L. S. Steel Co.,* L. R. [10 Q. B.] 62; *Ruse* v. *Biddle,* 112 Penn. St. 72; *Waddell* v. *Simpson,* 112 Penn. St. 567; *Redstone Coal Co.* v. *Roby,* 151 Penn. St. 364; *Halley* v. *Keim,* 151 Penn. St. 117; *Lineoski* v. *Susquehanna Coal Co.,* 157 Penn. St. 153; *Durkin* v. *Kingston Coal Co.,* 171 Penn. St. 193; *Vanessee* v. *Catsburg Coal Co.,* 153 Penn. St. 403; *Wolcutt* v. *Erie Coal Co.,* 226 Penn. St. 204.)

*Robert Thorne* for respondent. It appeared affirmatively without contradiction and by the plaintiff's own witness that the defendant company had no control whatever over the operation of the mine in which the plaintiff was injured, and the complaint was properly dismissed. (*D'joeko* v. *B.-W. Mining Co.,* 231 Penn. St. 164; *Hood* v. *C. A. Mining Co.,* 231 Penn. St. 647; *Rafferty* v. *Nat. C. M. Co.,* 234 Penn. St. 50; *Watkins* v. *Lehigh C. & N. Co.,* 240 Penn. St. 419; *Pittsburg-Buffalo Co.* v. *Cheko,* 204 Fed. Rep. 353; *Reeder* v. *Lehigh V. C. Co.,* 231 Penn. St. 163.)

CHASE, J. The plaintiff, who held a certificate as a qualified miner pursuant to the laws of the state of Pennsylvania, in September, 1910, applied at the office of the superintendent of the defendant at Plymouth, Pa., for employment as a coal miner. He was directed to go the next day into the mine and was told that he would there be shown a place where he could have employment. He went into the mine as directed and was referred to the

fire boss, and by the fire boss was shown a chamber lead-
ing from a gangway and was offered employment therein.
The plaintiff was unwilling to accept the employment
offered to him and he returned to the gangway and went
with the fire boss to the adjoining chamber where a miner
was engaged in his work. He then expressed a desire to
go home, but was without sufficient oil for his lamp, and
he was told by the fire boss to block a car which was
being pushed from the main track of the gangway into
the chamber of the miner mentioned and that he would
then give him some oil. The car was pushed on to a track
leading from the main track into the chamber, and plain-
tiff put a block under it and stepped back and, as he did
so, was, without any warning whatever, hit by a car
running by gravity, without light or attendant, on the
track of the gangway, and received the injuries for which
this action is brought.

It was the custom in the defendant's mine to give ample
notice, as in the record described, when a car was to be
run on the gangway by gravity. There was sufficient
room in the gangway to enable a person to avoid being
hit by such a car if notice was given as was the custom.
The notice in this case was wholly omitted by the negli-
gence of the employees of the defendant. The responsi-
bility for the plaintiff's injuries was asserted and claimed
in this action against the defendant by reason of such
negligence of its employees. The defendant, at the close
of the plaintiff's case, moved for a dismissal of the com-
plaint upon two grounds:

*First.* That there is no evidence that the defendant
exercised control over its mines. *Second.* The defendant
owed the plaintiff no duty other than to warn him of
concealed dangers and not wantonly to injure him.

The defendant's mine was under the charge and daily
supervision of a mine-foreman employed pursuant to an
act of the legislature of the state of Pennsylvania,
entitled, "An act to provide for the health and safety of

persons employed in and about the anthracite coal mines of Pennsylvania and for the protection and preservation of property connected therewith," which was duly approved June 2, 1891. The plaintiff's complaint was dismissed solely on the ground that under said statute the mine was under the charge of a mine-foreman over whom the owner had no control and that the defendant is not liable 'for injuries resulting from the negligence of employees therein. That was the important question considered on the appeal to the Appellate Division. (*Bigus* v. *Lehigh & Wilkesbarre Coal Co.*, 160 App. Div. 838.) That is the important question necessary to be considered on this appeal.

The act of 1891 mentioned applied to the defendant's mine. It is in said act provided: "It shall not be lawful, neither shall it be permitted for any person or persons to act as mine-foreman or assistant mine-foreman of any coal mine or colliery unless they are registered as a holder of a certificate of qualification or service under this act." (Article 8, section 1.)

It is further therein provided that no mine shall be operated except temporarily as also therein provided without the supervision of a mine-foreman. (Article 8, section 6.)

The act provides a series of rules to be observed in every mine:

"The owner, operator or superintendent of a mine or colliery shall use every precaution to insure the safety of the workmen in all cases whether provided for in this act or not and he shall place the underground workings thereof and all that is related to the same under the charge and daily supervision of a competent person who shall be called 'mine-foreman.'" (Article 12, rule 1.)

The rules provide in substance that the mine-foreman shall have charge of all matters pertaining to ventilation and the removal of explosive gases, and he is required to properly secure every working place by props of timbers

and pull down loose coal or rock so that no person shall be permitted to work in an unsafe place unless it be for the purpose of making it secure. He is also charged with the duty of examining at least once every day, all slopes, shafts, main roads, traveling ways, signal apparatus, pulleys and timbering and see that they are in a safe and efficient working condition. He is also charged by said act with many other specific duties. It is not important to enumerate them further in this opinion.

It is also therein provided: "Every passage way used by persons in any mines and also used for transportation of coal or other material shall be made of sufficient width to permit persons to pass moving cars with safety, but if found impracticable to make any passage way of sufficient width then holes of ample dimensions and not more than one hundred and fifty feet (150) apart shall be made on one side of said passage way. The said passage way and safety holes shall be kept free from obstructions and shall be well drained, the roof and sides of the same shall be made secure." (Article 12, rule 43.)

"No miner or laborer shall run cars out of any breast or chamber or on any gravity road unless he is a suitable person employed by the mine-foreman for that particular work and no person shall be employed by any mine-foreman to perform such work under the age of sixteen years." (Article 12, rule 48.)

"For any injury to person or property occasioned by any violation of this act or any failure to comply with its provisions by any owner, operator, superintendent, mine-foreman or fire boss of any coal mine or colliery, a right of action shall accrue to the party injured against said owner or operator for any direct damages he may have sustained thereby and in case of loss of life by reason of such neglect or failure aforesaid, a right of action shall accrue to the widow and lineal heirs of the person whose life shall be lost for like recovery of damages for the injury they shall have sustained." (Article 17, section 8.)

The plaintiff was in the mine not only with the approval of the defendant but pursuant to its express direction. The defendant is, therefore, liable for injuries resulting to the plaintiff by reason of its failure to exercise ordinary care for his safety while in its mine unless it is relieved therefrom by reason of its mine being at the time in charge of a mine-foreman pursuant to said statute. The statute, as it is interpreted by the courts of Pennsylvania, does not relieve the defendant from liability for injuries occasioned by the negligence of its employees unless such negligence can be attributed to the personal negligence of the mine-foreman. The courts of Pennsylvania have held that to the extent that the statute has committed the control and operation of a mine to a mine-foreman as therein provided, the owner has been relieved from liability for negligence in such personal control and operation. (*Durkin* v. *Kingston Coal Co.*, 171 Pa. St. 193; *Golden* v. *Mt. Jessup Coal Co., Ltd.*, 225 Pa. St. 164; *D'Jorko* v. *Berwind-White Coal M. Co.*, 231 Pa. St. 164; *Watkins* v. *Lehigh Coal & N. Co.*, 240 Pa. St. 419. See *Pittsburgh-Buffalo Co.* v. *Cheko*, 204 Fed. Rep. 353; *Watson* v. *Monongahela River Consol. Coal & Coke Co.*, 93 Atl. Rep. 625.)

The courts of that state do not, however, even when a mine is under the charge and control of a mine-foreman, relieve the owner from all liability for negligence. (*Wolcutt* v. *Erie Coal & Coke Co.*, 226 Pa. St. 204.)

The relation of the owner and the mine-foreman and the liability of each for negligence in the conduct of a mine, as held by the courts of Pennsylvania, is quite clearly stated in *Bogdanovicz* v. *Susquehanna Coal Co.* (240 Pa. St. 124). In that case a person eighteen years old was employed by the defendant and assigned to duty, and while engaged in the discharge of his duties as driver of a coal car, was crushed between the car and a prop or timber on the side of the gangway and seriously injured. The court in the opinion say:

" The boy testified that he was given no instructions or warning when he was assigned to duty as a driver; that he had never been in the gangway where the accident occurred prior to this occasion; that he had frequently ridden upon hooks on the sides of the cars, had seen others doing so, and had never been warned against it. * * * The company * * * claims that if there was failure to instruct the boy as to the proper discharge of his duties it was the failure of a certified mine-foreman for whose negligence or failure of duty the defendant is not liable. * * * We think the position of the defendant is untenable. It overlooks the important fact that such instruction is a duty imposed upon the employer and not upon a mine-foreman or his assistant who are simply employees of the mine owner or operator. It is true that the statute requires the owner to employ a certified mine-foreman and imposes upon him certain duties, the failure to perform which cannot be imputed to the owner or render him liable for the consequence. This we have uniformly held. The statute requires the owner to place the mine under the charge and supervision of a competent mine-foreman, and enumerates certain specific duties to be performed by him in the operation of the mine. He has charge of the ventilation, he must examine the gaseous parts of the mine, he must make bi-daily examinations of the working places, and he must examine and keep safe the slopes, shafts, roads and timber in it. These duties are imposed upon him by the statute which subjects him to punishment if he fail or neglect to properly discharge them. A neglect of such duties resulting in injury to any one renders him, and not the mine owner, liable. To this extent the State assumes charge of the internal working of the mine and for that reason it has been held that for injuries resulting from the mine-foreman's negligence the owner is not responsible.

" The statute, however, has not relieved the owner from liability for his own neglect or failure of duty. There

36

may be cases in which both the mine-foreman and the mine owner may be liable to an injured party. If through any neglect or failure of duty the mine owner causes injury to one of his employees the general rule applicable in such cases subjects the owner to damages for his default. If there is a dangerous condition existing in the mine which is permitted by the negligence of the mine-foreman resulting in injury to an employee, the mine owner will be responsible if he has knowledge of the fact and takes no steps to remove it. The owner cannot neglect this duty and escape responsibility. The statute provides that the owner shall use every precaution to insure the safety of the workmen in all cases whether provided for in the act or not.

" The duty to instruct a minor or other inexperienced workman in the discharge of his duties is one to be performed by the mine owner or operator, and is not a statutory duty imposed upon the mine-foreman. The defendant can only be relieved by pointing to a provision of the statute which imposes such duty on the mine-foreman and relieves the owner or operator. The statute must be strictly construed in this respect. Primarily the owner or operator would be responsible for an injury to an employee resulting from the failure to instruct, and to relieve himself he must show some specific provision of a statute."

The owner was held not liable where a death occurred by an explosion in a mine caused by the negligence of the mine-foreman relating to the ventilation of the mine. (*Hall* v. *Simpson*, 203 Pa. St. 146.) The owner was held not liable for an injury to a workman caused by coming in contact with a mine prop negligently placed by the mine-foreman so close to a car track as not to allow a sufficient clearance for cars used thereon. (*Golden* v. *Mount Jessup Coal Co.*, 225 Pa. St. 166.)

The owner was held not liable to a person who was injured by an explosion of gas occasioned by the negli-

gence of the mine-foreman relating to a proper circulation of air. (*Dempsey* v. *Buck Run Coal Co.*, 227 Pa. St. 571; *Watkins* v. *Lehigh Coal & Nav. Co.*, 240 Pa. St. 419.)

The owner was held not liable where a person was killed by an explosion of gas alleged to have occurred by reason of the negligence of the mine-foreman. (*D'Jorko* v. *Berwind-White C. M. Co.*, 231 Pa. St. 164.)

Where an electric trolley system of a mine is under the supervision of a mine-foreman, held that his negligence relating thereto is not chargeable to the owner. It was further held that whether such system is under the charge of the mine-foreman or an electrical engineer acting under the direction of the mine superintendent is a question of fact. (*Reeder* v. *Lehigh Valley Coal Co.*, 231 Pa. St. 563.)

Where a mine-foreman negligently fails to make a proper clearance between the railroad tracks in a coal mine and the wall of the mine and a workman in the mine is killed by coming in contact with the wall, held that the owner of the mine is not liable in damages for the injuries sustained, inasmuch as the state makes the foreman its representative and vests in him the determination of all questions relating to the security of the mines with power to compel compliance with his directions. (*Rafferty* v. *National Mining Co.*, 234 Pa. St. 66.)

A recovery against the owner was sustained for injuries resulting from being thrown from a motor used in a mine for carrying coal. The plaintiff had been engaged on a motor which carried him safely while riding thereon but was transferred to a larger and higher motor without being warned that he could not safely ride on the top of such higher motor because of low places in the roof of the passageway. (*Burns* v. *Vesta Coal Co.*, 223 Pa. St. 473.)

If the owner makes the mine-foreman his superintendent in charge of the interior of the mine he assumes

responsibility for his acts.    The owner was held responsible for injuries resulting from the failure of the foreman as such superintendent to support the roof of the main entry to the mine.    (*Wolcutt* v. *Erie Coal & Coke Co.,* 226 Pa. St. 204.)

To provide a proper passageway in a tunnel is a non-delegable duty imposed on mine owners and not one of the statutory duties imposed on mine-foremen.    (*Simmons* v. *Lehigh Valley Coal Co.,* 240 Pa. St. 354.)

Where plaintiff, a miner, employed in the defendant's mine, gave notice to the superintendent that props were needed to sustain the roof of the chamber in which he was working and that the mine-foreman had neglected to supply them although requested to do so, and the superintendent promised that they would be sent immediately, but did not do so and the roof fell, injuring the plaintiff, it was held that it was a question of fact as to the defendant's negligence and the contributory negligence of the plaintiff, and a judgment in his favor was sustained.    (*Collins* v. *Northern Anthracite Coal Co.,* 241 Pa. St. 55.)

From the evidence it appears that the passageway in which the car was running and in which the plaintiff was injured was of the width and height prescribed by the statutory rule, and that in the conduct of the mine it was the rule or custom to give a notice of the running of cars which was sufficient to fully protect employees and those rightfully in the mine.    The accident in this case did not result from any negligence of the mine-foreman in his supervisory authority.    It resulted from the negligence of individual employees of the owner, and from a failure by them to give a warning which was not only necessary, but which it was customary to give, to prevent an accident such as the one by which the plaintiff was injured. It does not appear that there was any negligence in retaining the men engaged in running cars in that passageway or in any duty which the statute imposed upon the mine-

foreman.   As the accident occurred through negligence not attributable to the mine-foreman, the complaint should not have been dismissed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Willard Bartlett, Ch. J., Collin, Cardozo, Seabury and Pound, JJ., concur; Cuddeback, J., not voting.

Judgment reversed, etc.