JONAS IWANAUSKAS, Respondent, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.

Master and servant — statute of Pennsylvania — negligence — when a duty imposed upon a foreman involves the exercise of judgment or discretion and he errs, the employer is not liable for injuries caused by the foreman's error.

Where plaintiff while working as a laborer in defendant's coal mine in the state of Pennsylvania, in which there was in force a statute requiring the foreman of every mine, or his assistant, to examine the places where the employees worked to see if they are safe and if unsafe to make them safe, called the attention of the assistant foreman of the mine, and two miners under whom he worked, to a loose rock in the roof of the mine where he was working, and the assistant foreman after examining the place said it was safe and directed plaintiff to go on with his work, and shortly afterward the rock fell upon plaintiff causing the injuries for which this action is brought, the question, under the decisions of the courts of Pennsylvania, whether the rock was secure was one that rested in the judgment of the mine foreman, or

his assistant, and if they determined, as a matter of judgment, that it was secure, the defendant is not responsible for that conclusion, even if erroneous, and it was error for the trial court, in an action to recover for injuries sustained by plaintiff brought under the Pennsylvania statute, to deny defendant's motion for a nonsuit.

*Iwanauskas* v. *P. & R. Coal & Iron Co.*, 180 App. Div. 925, reversed.

(Argued May 29, 1919; decided July 15, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 13, 1917, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Pierre M. Brown* for appellant. The Mining Law of Pennsylvania, as construed by the courts of that state, does not make defendant liable for the mistakes of judgment, or even the negligence of the mine foreman, when he is acting as mine foreman and discharging duties particularly assigned to him by the statute. (*L. V. Coal Co.* v. *Washko*, 231 Fed. Rep. 42; *Duskin* v. *Kingston Coal Co.*, 171 Penn. St. 193; *Peters* v. *Vesta Coal Co.*, 243 Penn St. 241; *Vagaszki* v. *Consolidation Coal Co.*, 225 Fed. Rep. 913.)

*O. H. Droege* for respondent. The accident was caused by the negligence of the miners under whose direction plaintiff worked, and for whose negligence defendant was responsible. (*Counizzari* v. *Snyder*, 97 Atl. Rep. 477; *Kelly* v. *Bowers Co.*, 239 Penn. St. 558; *Holz* v. *Heinz Co.*, 247 Penn. St. 259; *Mingak* v. *Vesta Coal Co.*, 51 Penn. Sup. Ct. 584; *Molesky* v. *S. F. Coal Co.*, 247 Penn. St. 434; *Reeder* v. *L. V. Coal Co.*, 231 Penn. St. 563; *Wolcutt* v. *Erie Coal Co.*, 226 Penn. St. 204; *P. & R. Coal Co.* v. *Keslusky*, 209 Fed. Rep. 197; *Andruises* v. *P. & R. Coal Co.*, 172 App. Div. 350;

*Martinkovics* v. *Lehigh Coal Co.*, 171 App. Div. 952;
*Henry* v. *Hudson, etc., Co.*, 201 N. Y. 140.)

Cuddeback, J.  The action is brought under the
statute of the state of Pennsylvania, passed to provide
for the health and safety of persons employed in the
anthracite coal mines.  (Anthracite Act of June 2, 1891.)
The plaintiff seeks to recover for personal injuries incurred
while working in the defendant's mine and alleges
that the injuries were caused through the defendant's
negligence.

The plaintiff was a laborer and he worked with a certified
miner named Savicz.  Both worked under another
certified miner named Norkiewicz.  Norkiewicz and
Savicz were the superiors of the plaintiff and could
direct him when and where to work.

The defendant's mine in which the plaintiff was
employed is situated at Shenandoah, Pennsylvania,
and is operated under the statute by a mine foreman
and his assistants.

The statute relating to the mine foreman and his
assistants provides as follows:

" Rule 12.  The mine foreman or his assistant shall visit
and examine every working place in the mine at least
once every alternate day, while the men of such place
are or should be at work, and shall direct that each and
every working place is properly secured by prop or tim-
ber, and that safety in all respects is assured by directing
that all loose coal or rock shall be pulled down or secured
and that no person shall be permitted to work in an unsafe
place unless it be for the purpose of making it secure."

The courts of Pennsylvania have held in numerous
cases that where this act places an obligation upon the
mine foreman to see to or to do a particular thing, the
execution of which involves the exercise of judgment or
discretion, then his negligence in that regard cannot be
imputed to the mine owner.  (*Watson* v. *Monongahela*

*River, etc., Co.,* 247 Penn. St. 469; *Bigus* v. *Lehigh & W. Coal Co.,* 217 N. Y. 555.)

On the day when the accident happened in this case, July 14, 1917, the plaintiff and Savicz were engaged in driving a gangway through a vein of coal. As the gangway went forward, timbers were placed to support the roof and sides. Of course, the excavation was always somewhat in advance of the timber — at this time about nine feet. When the plaintiff and Savicz went to work at 7 o'clock in the morning they found that a rock in the roof of the gangway beyond the timber was "drummy," as they called it, or somewhat loose, and that water was running down from the roof. All this indicated that the rock would fall but how soon it would fall was the question.

Starr, the assistant mine foreman, had examined the gangway between 5 and 6 o'clock in the morning and had marked it as a safe place to work. During the forenoon Starr, the assistant foreman, visited the gangway again and his attention was called to the rock in the roof. He said that in his opinion it was safe enough to proceed with the work until they got the timber under, that is, until the timber reached a point under the rock.

Norkiewicz and Savicz also particularly examined the rock during the forenoon. They both concurred in the judgment of the assistant mine foreman that the rock would not fall before the timbering reached it.

The assistant mine foreman directed Savicz and the plaintiff to go on with the work. Norkiewicz also directed them to proceed. The plaintiff accordingly went to work under the rock and in the course of the afternoon the rock fell and the plaintiff was injured.

The plaintiff had a recovery at the Trial Term which was affirmed at the Appellate Division by a divided court.

The defendant moved at the close of the evidence to

dismiss the plaintiff's complaint on several grounds, among others, that the question whether the rock was insecure or secure was one which rested in the judgment in the mine foreman or his assistant and they determine, as a matter of judgment, whether it was secure, and for that conclusion, even if erroneous, the defendant is not responsible.

The motion was denied and the defendant duly excepted.

It seems to me that the motion to dismiss should have been granted. The situation disclosed by the testimony here must be one of frequent occurrence in the working of mines. No defect was shown in the fixtures, machinery or tools furnished by the employer or in the entries or passageways of the mine, of which the employer should be deemed to have notice. There was simply a loose rock in the roof which must have been an ordinary incident in a day's work in the mine. It was a dangerous condition but the assistant mine foreman was the person to decide what to do under such circumstances. Rule 12 of the statute (*supra*) says the mine foreman or his assistant shall see that safety is assured with regard to loose coal or rock. It was a case where reliance might be placed upon the assistant mine foreman. (*Durkin* v. *Kingston Coal Co.*, 171 Penn. St. 193.)

The plaintiff's counsel argues that notwithstanding the expressed judgment of the assistant mine foreman that it was safe to proceed with the work until the timbering reached the rock, he qualified his judgment on cross-examination. He said in effect on cross-examination, there can be danger always when the water comes down. The water was coming down in this case. Hence the argument is that the place was dangerous and the direction or permission given to the plaintiff by Norkiewicz and Savicz to work under the rock was an act of negligence imputable to the defendant. I do not think the assistant mine foreman qualified his opinion. Furthermore, the

testimony of both Norkiewicz and Savicz is that they concurred in the judgment of the assistant mine foreman that the rock would not fall before the timbering reached it. There was no evidence to contradict their statement. Under such circumstances their conduct forms no basis for a charge of negligence and does not deprive the defendant of the protection which the directions of the assistant mine foreman afforded.

I recommend that the judgment be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CHASE, COLLIN and CRANE, JJ., concur; HOGAN, J., dissents; MCLAUGHLIN, J., not sitting.

Judgment reversed, etc.